Argued 16 December, 1903; decided 11 January, 1904.

**POSSON *v.* GUARANTY LOAN ASSOC.**

[74 Pac. 923.]

Abatement—Transfer of Title After Complaint is Filed.

Under B. & C. Comp. §§ 51, 396, and 745, subd. 2, an assignee who acquires title to the subject-matter of litigation after the filing of the complaint takes subject to the fortunes of litigation, and is bound by the proceedings against his assignor.

From Multnomah: Arthur L. Frazer, Judge.

This is a suit by Laurena Posson against the Guaranty Savings & Loan Association to compel the cancellation of a note, and a mortgage given to secure the payment thereof, on the ground that the debt had been fully paid and discharged. The complaint was filed on November 25, 1901, and the summons was issued and delivered to the sheriff the same day, but it was not served upon the defendant until the 18th day of December. The defendant answered in abatement, and alleged that on the 2d of December, 1901, it sold, transferred, and assigned the note and mortgage, and all its rights and interest therein, for a valuable consideration, to one Arnold Guesner, who thereby became, and ever since has been, and now is, the owner and holder thereof, and the defendant has no interest therein. A demurrer to the plea because it did not state facts sufficient to constitute a defense to the complaint was sustained, and, defendant refusing to answer or plead further, a de-

cree was rendered in favor of the plaintiff, as prayed for in the complaint. The case was submitted under the proviso in Rule 16 of this court. AFFIRMED.

For appellant there was a brief over the name of *Guy G. Willis.*

For respondent there was a brief over the name of *William Reid.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

The defendant's assignment of the note and mortgage in suit was made after the complaint had been filed and the summons issued, but before its service on the defendant, and the question for decision is whether such an assignment will abate or defeat the suit. It is now settled that the assignment or transfer by a defendant of his interest in the subject-matter of the litigation during its pendency does not defeat the suit, but that his purchaser is bound by any judgment or decree that may be rendered therein : *Walker* v. *Goldsmith,* 14 Or. 125 (12 Pac. 537); *Houston* v. *Timmerman,* 17 Or. 499 (21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848); *Jennings* v. *Kiernan,* 35 Or. 349 (55 Pac. 443, 56 Pac. 72). There is some conflict in the authorities as to when a suit is deemed to be commenced and pending, within this rule, but it is unnecessary to look beyond our statute for an answer to the question. Subdivision 2 of Section 745, B. & C. Comp., provides that a judgment or decree is, in respect to the matter directly determined, conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit, or proceeding, litigating for the same thing, under the same title, and in the same capacity. By this section a judgment or decree is made conclusive as against a purchaser from either of the parties after "the commencement of the action, suit,

or proceeding." By Sections 51 and 396, B. & C. Comp., an action or suit is to be deemed commenced, for all purposes except the statute of limitations, by the filing of the complaint with the clerk of the court: *Burns* v. *White Swan Min. Co.* 35 Or. 305 (57 Pac. 637). Therefore an assignee who acquires title to the subject-matter of the litigation after the filing of the complaint takes *pendente lite*, and is bound by the proceedings against his assignor. The decree is affirmed.                    AFFIRMED.

---

Decided 11 January, 1904.