Argued March 1, decided March 15, 1910.

## KELSAY v. TAYLOR.

[107 Pac. 609.]

TENDER—SUFFICIENCY—AMOUNT.

1. A tender to be good must be for not less than the amount due, and a tender after suit brought is not good if it does not include the clerk's fee paid by plaintiff as required by law on filing the complaint.

ACTION—COMMENCEMENT—PROCEEDINGS CONSTITUTING.

2. Section 51, B. & C. Comp., provides that actions at law shall be commenced by filing a complaint, and hence an action is begun when the complaint is filed though summons has not been issued.

BILLS AND NOTES—NOTES PAYABLE AT BANK—BANK AS AGENT OF PAYEE.

3. A provision in a note making it payable at a particular bank does not make the bank agent of the payee to receive the money unless actually in possession of the note when the money is sent.

GARNISHMENT—MONEY IN HANDS OF BANKERS AS AGENTS—RIGHT TO GARNISH.

4. Where bankers were, by a letter of instruction with a remittance, made the agents of the sender to find the holder of a mortgage note and pay the money, and the tender was insufficient and the money refused, and it remained in the bank's hands subject to the orders of the sender, the assignee of a judgment against the sender had a perfect right to garnish the bankers.

ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY—SCOPE OF EMPLOYMENT—RIGHT TO BIND CLIENT.

5. A daughter having given a mortgage to secure her father's note which was overdue, the father sent money to a bank to pay the mortgage. The bank tendered the money to plaintiff's attorney in a suit to foreclose, but the tender was refused as insufficient, for failure to include certain accrued costs. The attorney, who held a judgment against the father, assigned it to a nominal assignee, who issued execution on the judgment and garnished the bank which paid over the money to be applied on the execution. *Held,* that the receipt of the money by the attorney was not payment of the mortgage, the money having been obtained by him in a matter entirely outside the scope of his employment by the plaintiff in foreclosure, who was not charged with any participation in the scheme, in which the attorney was not authorized to bind his client.

JUDGMENT—ORDER AS BINDING PERSONS NOT PARTIES.

6. The court could not make a valid order in a suit that would bind persons not parties, or be conclusive on them as to the ownership of money charged to be in their hands which should rightfully be applied in discharge of the claim on which the suit was brought.

MORTGAGES—FORECLOSURE—PLEADING—VARIANCE.

7. Where a complaint on foreclosure, showing the volume and page where the mortgage was recorded in the county records, only alleged as to the mortgage note that "the following is a substantial copy" of it, and did not attempt to set it up *haec verba,* a variance in the description in that the copy omitted words showing where it was to be paid and when interest was payable could not have misled defendants to their prejudice, and hence was not material, Section 97, B. & C. Comp., providing that a variance shall not be deemed material unless it does in fact mislead.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Mrs. E. A. Kelsay against Alma Taylor and O. D. Taylor to foreclose a mortgage upon certain real property situated in Dalles City, Wasco County. On September 12, 1904, defendant, O. D. Taylor, borrowed $500 of plaintiff, giving a promissory note, signed by himself, and a mortgage signed and executed by him as attorney in fact for the defendant Alma Taylor, to secure the payment of the note. The loan was originally for one

year, but at the expiration of that period the time of payment was extended for another year.  The original note is as follows:

"The Dalles, Oregon, September 12, 1904.

"$500.00.  One year after date, without grace, I promise to pay to the order of Mrs. E. A. Kelsay, five hundred dollars ($500) for value received, with interest after date at the rate of eight per cent per annum until paid.  Principal and interest payable in United States gold coin, of the present standard value at the bank of French & Co., The Dalles, Oregon.  Interest payable annually, and in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action.          O. D. Taylor."

On September 14, 1906, two days after the note became due, plaintiff filed in the circuit court for Wasco County, a complaint in foreclosure, setting forth what was claimed to be a substantial copy of the note, but omitting the line containing the words, "at the bank of French & Co., The Dalles, Oregon.  Interest payable annually."  The mortgage was referred to in the complaint by the book and page of the county records whereon it was recorded.  On the 18th day of the same month defendant O. D. Taylor transmitted to French & Co. $541, the principal and interest on the note, accompanied by the following letter:

"Portland, Oregon 9-18, 1906.

"French & Co., The Dalles, Oregon.

"Gentlemen:  Enclosed find certificate of deposit with Ladd & Tilton for $541.00.  Will you please pay the mortgage and note on my daughter, Alma's, property, corner Fifth and Washington streets.  I supposed the note was with Butler, but phoned him this morning and the phone worked so badly that I could not understand him, but thought he said it had been sent to The Dalles.  Could not tell whether he said Huntington & Wilson or W. H. Wilson.  Mrs. Taylor will be at The Dalles Thursday or Friday and will pay you for your trouble.  Mr. Hostetler will know about this note.  Sincerely yours, O. D. Taylor, attorney in fact for Alma Taylor."

On the 19th of September French & Co. tendered the above amount to W. H. Wilson, plaintiff's attorney in the foreclosure suit, who refused to accept the same, whereupon the money remained in the bank of French & Co. until the 24th day of September, when notice of garnishment was served upon French & Co. upon an execution issued on a judgment rendered in favor of Joseph A. Johnson and against O. D. Taylor. French & Co. answered, admitting possession of the $541, and paid it over to the sheriff, to be applied on the execution. Johnson had assigned the judgment to W. H. Wilson, who, immediately before the execution was issued, assigned it to Skene, admittedly for the purposes of collection. The defendants, by their amended answer denied the execution of the note and mortgage set up in the complaint, but admitted execution of a note and mortgage bearing the same date and amount, and alleged that the note had been fully paid and satisfied. For a further and separate defense defendants alleged the execution of the note set forth in this statement, giving a copy of it in full, and also setting forth in full a copy of the mortgage, from which it appeared that the note and mortgage were identical with that described in the complaint, with the exception of the omitted line above referred to. The answer alleged that the note and mortgage were given Mrs. Kelsay for a debt due for money borrowed of her by Alma Taylor, and that defendant O. D. Taylor, in signing the note, inadvertently omitted to describe himself as the agent of Alma Taylor. The answer also sets up the facts in regard to the transmission of the money to French & Co. and of their tender thereof to Wilson, and his refusal to accept the same, and alleged that while he was still attorney for plaintiff he obtained the money and was still holding it so that defendants could not bring the amount with costs of suit into court. In a further separate answer the defendants recited the facts hereinbefore stated, in relation to the

judgment against O. D. Taylor, and alleged that Wilson's refusal to receive the money was in pursuance of a fraudulent intent to get possession of it to apply on his own judgment against Taylor; that on the day execution was issued on the judgment he fraudulently assigned it to Skene; and that the whole arrangement was fraudulently made for the benefit of Wilson who actually received the money. The defendants asked the court to adjudge that the tender made by the bank to Wilson was a continuing tender and a satisfaction of the note and mortgage, and that Wilson be directed to apply the money on plaintiff's claim. A general demurrer was interposed to the two last defenses and sustained by the court. The parties then went to trial upon the issue raised by the first defense, and thereupon defendants objected to the introduction or any proof of the note and mortgage on the ground of the variance between the actual instruments and those described in the complaint. These objection having been overruled, the defendants introduced no testimony, and the plaintiff had a decree, from which defendants appeal.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John Gavin* and *Mr. George H. Williams,* with an oral argument by *Mr. Gavin.*

For respondent there was a brief and an oral argument by *Mr. William H. Wilson.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The demurrer to the further and separate defenses was properly sustained. There was no tender of the amount due, and the plaintiff was not bound to receive less than the full amount. In addition to the amount tendered, which was the exact principal and interest due on the note, plaintiff had incurred a liability of $10, the fee required by law to be paid the clerk upon filing the complaint.

2. Some contention seems to be made in defendants' brief that the action had not been commenced because summons had not been issued when the tender was made, but this contention is answered by Section 51, c. 5, B. & C. Comp., which read as follows:

"Actions at law shall be commenced by filing a complaint with the clerk of the court, and the provisions of Sections 14 and 15 shall only apply to this subject for the purpose of determining whether an action has been commenced within the time limited by this Code."

3. The provision in the note, making it payable at the bank of French & Co., did not make that bank the agent of the payee to receive the money unless they actually had possession of the note when the money was sent, which, in this case, it is conceded, was not the fact.

4. French & Co. were, by Taylor's letter of instructions, made the agents of the sender, to find the holder of the note and pay the money. As the tender was insufficient and the money was refused it remained in their hands, as such agents, subject to the orders of the sender. Being rightfully refused by plaintiff, Wilson's assignee had a perfect right to garnish the bank, and, if necessary, try out the question of the ownership of the money. The latter course was obviated by the bank admitting that the money was the property of O. D. Taylor and paying it over to the sheriff.

5. Conceding that Wilson's assignee was in no better situation than he himself would have been, we do not see how the fact that Wilson was the attorney for plaintiff in the foreclosure suit could possibly bind her in proceedings taken by him on another and different judgment not in any way connected with that in which he was her agent. In attaching the money Wilson was not acting for Mrs. Kelsay, but for himself or his assignee in a matter entirely outside the scope of his employment by plaintiff; nor is it charged that she in any way participated in any scheme

to enable him to unlawfully seize upon Alma Taylor's money and apply it on O. D. Taylor's debt.

6. Neither Wilson nor Skene are parties to this suit, and the court could make no valid order herein that would bind them or be conclusive upon them as to the ownership of the money.

7. We do not think the variance in the description of the note material. The complaint does not attempt to set up the note *haec verba,* but only alleges that "the following is substantially a copy" of it. Now the words "substantially a copy" do not import that the exact language of an instrument is given, but only its material and necessary parts, and negative the idea of exact verbal accuracy: *Thomas* v. *State,* 103 Ind. 419 (2 N. E. 808) ; *Edgerton* v. *State* (Tex. Cr. App.) 70 S. W. 90. The complaint alleges that the mortgage is recorded at page 449, vol. W, Records of Mortgages of Wasco County. The intent of the suit, and that which gave a court of equity jurisdiction to entertain it, was the foreclosure of the mortgage. It is plain that the defendants could not be, and were not, misled to their prejudice by the omission complained of. The relief would be just the same, the measure of the rights of the parties would be the same, with or without the omitted words. Section 97, B. & C. Comp., is as follows.

"No variance between the allegation in a pleading and the proof shall be deemed material unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just."

The court could perceive at a glance that the defendants were not and could not have been misled as to the exact mortgage that plaintiff was seeking to foreclose, and that from the record referred to in the complaint they had

ample means of informing themselves before the trial, not only of the exact terms of the mortgage, but of the contents of the note as well, and that nothing in the omitted words could possibly have affected any defense that they might have desired to interpose.

The decree of the lower court is affirmed.

AFFIRMED.