Argued January 24, reversed February 5, 1918.

# MATLOCK v. MATLOCK.

(170 Pac. 528.)

(See, also, 86 Or. 78; 167 Pac. 311.)

**Appeal and Error—Appealable Orders.**

1. Where, after divorce suit had been commenced in one Circuit Court by the husband by filing complaint and issuing summons, the wife commenced suit in another Circuit Court, an order of the latter court overruling demurrer and an order allowing suit money and alimony if void for want of jurisdiction were final and appealable.

**Courts—Jurisdiction—"Proceeding in Rem"—"Subject Matter."**

2. Under Section 63, L. O. L., providing that a court shall be deemed to have acquired jurisdiction from the time of the service of the summons, Section 51 providing that actions at law shall be commenced by filing a complaint with the clerk of the court, Section 395 providing in effect that Section 51 applies to commencement of suits in equity, Section 526 providing that an action or suit is deemed to be pending from the commencement thereof until it is finally determined on appeal or until the expiration of the period allowed to take an appeal, and Section 396 providing that any suit for a dissolution of the marriage contract may be commenced and tried in any part of the state in which either party to the suit resides, where both suits were for divorce, involving the status of the parties, the Circuit Court of M. County could not, after the husband had commenced suit in the Circuit Court of another county by filing a complaint and issuing summons, acquire jurisdiction over the subject matter of the suit and of the person of the husband, although the summons was first served in the suit by the wife in M. County; the rule being that, when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues subject only to appellate authority until the matter is finally disposed of, a divorce proceeding in so far as it fixes the status of the parties being a "proceeding *in rem*," and "subject matter" in its broadest sense meaning object, the thing in dispute, but in a legal sense, when reference is made to matters of jurisdiction, meaning the nature of the case and the relief sought.

> [As to pendency of suit for divorce as bar to like suit by other spouse in another jurisdiction or county, see note in **Ann. Cas.** 1914A, 1140.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit for a divorce instituted by Mrs. Mary F. W. V. Matlock against J. D. Matlock. The com-

plaint was filed in the Circuit Court for Multnomah County on June 27, 1916. Personal service was had on the defendant in Lane County June 28, 1916. Mr. Matlock, the defendant, appeared specially and moved to dismiss the suit on the ground that the court did not have jurisdiction of the cause; and supported his motion by affidavit. Upon the motion being overruled he filed an answer challenging the jurisdiction of the court to proceed with the cause, alleging in detail the same facts as set forth in the affidavit to the effect that prior to the institution of the present suit he had filed a suit for divorce against Mrs. Matlock in the Circuit Court for Lane County on May 8, 1916; that summons was issued and on the next day was placed in the hands of the sheriff of Multnomah County for service; that Mrs. Matlock could not be served in either Lane or Multnomah counties; that on June 27, 1916, he filed an affidavit for publication of summons; that on July 3d of the same year the Circuit Court for Lane County granted an order of publication on the ground that the defendant was concealing herself within the state for the purpose of avoiding service. As shown by affidavit Mrs. Matlock did not controvert the fact that Mr. Matlock had commenced his suit in Lane County on May 8th, but denied that she had concealed herself for the purpose of avoiding service. The answer pleaded that the Circuit Court for Lane County having jurisdiction of the premises adjudged that Mrs. Matlock had concealed herself for the purpose of avoiding service; that the facts stated in the affidavit for publication were true and that in all respects it was sufficient to justify an order for publication. Attached to the answer is a copy of the complaint filed in Lane County from which it appears that both complaints were for a divorce, involving the status of the parties,

and that the issues necessary to be determined in both
cases were the same.   Mrs. Matlock demurred to this
answer on the ground that it appeared therefrom that
the Multnomah County Court acquired jurisdiction be-
fore the completion of service in the Circuit Court for
Lane County.   This demurrer was sustained by the
court and the defendant refused to answer further.
On September 9, 1916, the court made an order direct-
ing the defendant to pay plaintiff the sum of $500 for
plaintiff's use in prosecuting the suit and the sum of
$100 per month for her maintenance pending the de-
termination of the cause.   Defendant appealed to this
court from the order sustaining the demurrer and the
order allowing suit money and temporary alimony.

                    REVERSED.   SUIT DISMISSED.

For appellant there was a brief with oral arguments
by *Mr. Martin L. Pipes, Mr. John M. Pipes* and *Mr.
Lark Bilyeu.*

For respondent there was a brief over the names of
*Mr. James N. Davis, Mr. Thomas Mannix* and *Mr.
E. A. Burt,* with oral arguments by *Mr. Davis* and *Mr.
Mannix.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant contends that the orders appealed
from are deemed final and appealable because they are
void for want of jurisdiction; that the Multnomah
court had no jurisdiction to determine the status of
the parties in a suit for divorce between them, because
a suit for that purpose and involving that issue be-
tween the same parties was commenced prior thereto
in a court of co-ordinate jurisdiction within the state,
and that the Circuit Court for Multnomah County

could not take away from the Circuit Court for Lane County the power to proceed to final decree in the cause instituted in the latter court.

1. The order overruling the demurrer and the order allowing suit money and alimony, if void for want of jurisdiction of the court to make them, are final and appealable: *Deering & Co.* v. *Quivey,* 26 Or. 556, 558 (38 Pac. 710); *Therkelsen* v. *Therkelsen,* 35 Or. 75, 78 (54 Pac. 885, 57 Pac. 373); *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 692); *Holton* v. *Holton,* 64 Or. 290 (129 Pac. 532, 48 L. R. A. (N. S.) 779). Counsel for plaintiff contend that it is the fact of service that gives the court jurisdiction. This claim is made by virtue of Section 63, L. O. L. A suit cannot be deemed pending until it has been technically commenced. In order to determine whether an action has been commenced we must resort to the rules to determine what constitutes the commencement of an action. These rules vary under the statutory provisions and judicial decisions in the different jurisdictions: 1 C. J., p. 59, § 77a. In this state an action is commenced for all purposes, except determining the running of the statute of limitations, by the filing of the complaint: Section 51, L. O. L.; 1 Cyc. 747; *Coggan* v. *Reeves,* 3 Or. 275; *Belknap* v. *Charlton,* 25 Or. 41, 48 (34 Pac. 758); *Burns* v. *White Swan Mining Co.,* 35 Or. 305, 311, 312 (57 Pac. 637); *Posson* v. *Guaranty Loan Assn.,* 44 Or. 106 (74 Pac. 923); *Dutro* v. *Ladd,* 50 Or. 120, 123 (91 Pac. 459); *Kelsay* v. *Taylor,* 56 Or. 13 (107 Pac. 609). The provision of Section 51, L. O. L., applies to the commencement of a suit in equity: Section 395, L. O. L. Section 526, L. O. L., provides in part that an action or suit is deemed to be pending from the commencement thereof until it is finally determined upon appeal or until the expiration of the

period allowed to take an appeal. Section 396, L. O. L., provides in substance that in any suit for a dissolution of the marriage contract the same may be commenced and tried in any court of this state in which either party to the suit resides.

The Lane County Circuit Court acquired jurisdiction of the subject matter of the suit by the filing of the complaint: *Belknap* v. *Charlton,* 25 Or. 41, 48 (34 Pac. 758). Subject matter in its broadest sense means the cause; the object; the thing in dispute. But in a legal sense the subject matter of a suit when reference is made to matters of jurisdiction means the nature of the cause of suit and the relief sought: 7 R. C. L., p. 1051, § 86.

A decree in a divorce case fixes the status of the parties and, with reference to their being married or single, they can have but one status. The status is the thing about which the adjudication is made. A divorce proceeding then, in so far as it fixes the status of the parties, is a proceeding *in rem.* It has been so held in this state. In *Houston* v. *Timmerman,* 17 Or. 499, at page 505 (21 Pac. 1037, 11 Am. St. Rep. 848, 4 L. R. A. 716), Mr. Justice LORD, speaking for this court, said:

"A proceeding in divorce is partly *in personam* and partly *in rem;* and in so far as it is to affect the marriage status, it is to change a thing independent of the parties, and is a proceeding, not against the parties *in personam,* but against their status *in rem.* (Am. & Eng. Ency. of Law, tit. 'Divorce,' 751.) The matter upon which the jurisdiction acts is the status; * * ."

2. The question for determination is whether the Multnomah Circuit Court had the power to assume jurisdiction of the cause at a time when the defendant, J. D. Matlock, had in good faith commenced a suit in the Lane Circuit Court involving the same subject

matter by filing a complaint and issuing a summons and placing the same in the hands of the sheriff of Multnomah County for service. In other words, Could the Circuit Court for Multnomah County divest the Circuit Court for Lane County of jurisdiction which it had obtained over the subject matter of the suit and of J. D. Matlock, the plaintiff in the first suit, and prevent that court from obtaining jurisdiction of the person of Mrs. Matlock, the defendant in that suit, so as to enable the court for Lane County to render a decree binding on the parties, although the summons was first served in a suit in Multnomah County? According to the weight of authority, and what seems to be the true rule, such power did not reside in the Multnomah County Circuit Court: *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 (104 N. W. 318, 113 Am. St. Rep. 520) ; *Farmers' Loan & Trust Co.* v. *Lake St. Elevated R. R. Co.*, 177 U. S. 51 (44 L. Ed. 667, 20 Sup. Ct. Rep. 564) ; *In re Talbot* (Ohio), 9 Weekly Law Bulletin, 271; *Chicago K. & W. R. R. Co.* v. *Board of Commissioners*, 42 Kan. 223, 227 (21 Pac. 1071) ; *Dungan* v. *Superior Court*, 149 Cal. 98 (84 Pac. 767, 117 Am. St. Rep. 119) ; *Oh Chow* v. *Brockway*, 21 Or. 440 (28 Pac. 384) ; *Mound City Co.* v. *Castleman*, 187 Fed. 921, 925 (110 C. C. A. 55) ; *Heidritter* v. *Elizabeth Oil Cloth Co.*, 112 U. S. 294, 301 (28 L. Ed. 729, 5 Sup. Ct. Rep. 135) ; *Loveland-Garrett Co.* v. *Day*, 30 Ky. Law Rep. 879 (99 S. W. 924).

It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues subject only to the appellate authority until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action. This principle is essential to the proper and orderly ad-

ministration of the law and in order to avoid conflict in the rendition of final decrees. While its observance might be required on the grounds of judicial comity and courtesy it does not rest upon such circumstances exclusively, but is usually enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. An essential condition of the application of the rule as to priority of jurisdiction is that the first suit shall afford the defendant in the second an adequate and complete opportunity for the adjudication of his or her rights. The suit in Lane County afforded Mrs. Matlock ample opportunity to apply for and have her rights adjudicated: 7 R. C. L., p. 1067, § 105.

Two co-ordinate courts of a state cannot have jurisdiction to determine the status of the same parties in a divorce suit at the same time. The court whose jurisdiction first attached proceeds to a final determination of the case exclusive of any other court.

The Circuit Court for Multnomah County was without authority to make the order appealed from. It follows that the order and decree must be reversed and the suit dismissed; and it is so ordered.

Reversed.    Suit Dismissed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice McCamant concur.