## UNITED STATES v. MAYSE.

## LEATHERMAN et al. v. SAME.

(Circuit Court of Appeals, Ninth Circuit.
May 25, 1925. Rehearing Denied
June 29, 1925.)

No. 4320.

**1. Judgment ⟨⟩142—Erroneous order vacating judgment contrary to statute not given effect.**

Under Or. L. § 4363, providing that any person interested in land against which a decree of foreclosure has been entered, who was not served and did not appear, may be allowed to defend against the decree within one year thereafter, and if the defense is successful the decree shall be vacated, otherwise it shall stand, an ex parte order vacating the decree, erroneously entered on allowing the defense to be made, will not be given greater effect than the statute contemplates.

**2. United States ⟨⟩127 — United States, as purchaser of property pendente lite, is bound by the judgment rendered.**

The rule that a purchaser of property pendente lite is bound by the judgment in the pending action is not changed by the fact that the United States is the purchaser.

Appeals from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit in equity by the United States against A. J. Mayse, with S. L. Leatherman and Otto E. Parry as interveners. Decree for defendant, and complainant and interveners appeal. Affirmed.

For opinion below, see 299 F. 860.

S. W. Williams, Sp. Asst. Atty. Gen., for the United States.

Bennett & Swanton, of Marshfield, Or., and Wilson & Reilly, of Portland, Or., for appellants Leatherman and Parry.

L. A. Liljeqvist, of Portland, Or., and J. J. Stanley, of Coquille, Or., for appellee Mayse.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. By the Act of March 3, 1869 (15 Stat. 340), the United States granted to the state of Oregon, to aid in the construction of a military wagon road from the navigable waters of Coos Bay to Roseburg, alternate sections of public lands, designated by odd numbers, to the extent of three sections in width on each side of said road, the granting act providing: "That the grant of lands hereby made shall be upon the condition that the lands shall be sold to any one person only in quantities not greater than one quarter section, and for a price not exceeding two dollars and fifty cents per acre." The state of Oregon transferred the grant to the Coos Bay Wagon Road Company, and the title thus acquired thereafter became vested in the Southern Oregon Company. The land here in controversy is a part of that grant. By joint resolution of April 30, 1908 (35 Stat. 571), the Attorney General of the United States was authorized and directed to institute and prosecute any and all suits in equity, actions at law, and other proceedings which he might deem adequate and appropriate to enforce any and all rights and remedies of the United States in any manner arising or growing out of or pertaining to the act of 1869, among others.

Pursuant to the authority thus conferred, the Attorney General instituted suit against the Southern Oregon Company, in the name of the United States, in the United States District Court for the District of Oregon, claiming a forfeiture of the grant of 1869 on the ground that the provision requiring the lands to be sold in quantities not greater than 160 acres to any one person and for a price not exceeding $2.50 per acre constituted a condition subsequent, and that there had been a breach of that condition. A final decree was entered in that suit, enjoining the defendant from selling any of the lands in violation of the covenant in question, from making any disposition of the lands or of the timber thereon, and from cutting or authorizing the removal of any timber therefrom until Congress was given an opportunity to provide by legislation for the disposition of the lands in accordance with such policy as it might deem fitting under the circumstances. United States v. Southern Oregon Co. (D. C.) 225 F. 560. This decree followed the decree of the Supreme Court in Oregon & Cal. R. R. v. United States, 238 U. S. 393, 35 S. Ct. 908, 59 L. Ed. 1360.

The Act of February 26, 1919 (40 Stat. 1179), provided that upon the execution and delivery by the Southern Oregon Company of a deed, satisfactory to the Attorney General, reconveying to the United States all the right, title, and interests of the Southern Oregon Company in and to the land situated in the counties of Coos and Douglas, in the state of Oregon, embraced within the limits of the grant of 1869, the lands would again become a part of the public domain, and the United States would pay to the Southern Oregon Company the sum of $232,463.07. The execution and delivery of a deed within 30 days from and after the approval of the act should be deemed an acceptance of the

act by the Southern Oregon Company, and, upon approval of such deed, the Attorney General of the United States was authorized to dismiss the pending suit, and all matters of difference, controversy, and litigation between the United States and the Southern Oregon Company arising out of the grant should be deemed settled, adjusted, and terminated. Section 2 of the act provided that the taxes accrued, unpaid, and delinquent on the lands on the date of the delivery of the deed should be paid by the Treasurer of the United States upon the order of the Secretary of the Interior as soon as might be after the act became effective, and a sum sufficient to make such payment and also to provide for the payment of the purchase price was appropriated from the public treasury.

February 27, 1919, the Southern Oregon Company reconveyed the property embraced in the land grant of 1869 to the United States, and the same thereby became a part of the public domain. December 6, 1915, A. J. Mayse purchased a certificate of delinquency for taxes levied against the property now in controversy for the year 1909, and thereafter made application for a tax judgment. Decree of foreclosure was entered May 29, 1916, followed by a tax deed June 17, 1916. November 27, 1916, the tax judgment was vacated on application of the Southern Oregon Company, defendant in the tax foreclosure proceeding, in order to afford the company an opportunity to answer. Answer was then filed and a demurrer thereto sustained. On September 19, 1922, a final decree was entered, wherein it was adjudged and decreed that the answer, defense, and objections filed by the Southern Oregon Company be dismissed, that the judgment and decree and all proceedings theretofore had in the case stand unaffected by said defense, that the order theretofore made vacating the tax judgment and decree be set aside, and that the original tax judgment and decree be reestablished and reaffirmed and declared to be in full force and effect.

[1] The present suit was instituted by the United States to cancel and annul the tax deed, to the end that the taxes might be paid and the land redeemed from the tax sale. From a decree in favor of the defendant the United States and certain interveners have appealed. Briefly stated the contention of the government is this: The order vacating the tax judgment vacated the tax deed as well, and reinvested the title in the Southern Oregon Company; that title passed from the Southern Oregon Company to the United States by the deed of February 27, 1919, and from and after the execution and delivery of that deed the state court was without jurisdiction to make further orders or take further proceedings in the tax foreclosure suit.

It is apparent from an inspection of the record that the order of the state court vacating the tax judgment was improvidently made. Section 4363 of the Oregon Laws provides that any defendant or person owning or interested in any lands, tracts, or lots against which judgment and decree has been rendered, and who has not been personally served with the notice or summons of the application for judgment or decree of foreclosure, and who has not appeared therein, may, upon good cause shown and upon such terms as may be proper, be allowed to defend and file his objections after such judgment or decree, and within one year after the entry thereof, upon such terms as may be just, and if the defense be successful the judgment or decree, and all proceedings thereunder, shall be vacated, set aside, and held as though they had never been made or had, and if the defense is unsuccessful the court shall enter an order dismissing the defense and objections, and the judgment or decree and proceedings thereunder shall stand unaffected by such defense.

This statute provides for opening, not for vacating, judgments. "Opening a judgment is not setting it aside, annulling, or reversing it; it is but a mode of allowing defendant a hearing on the merits, the judgment meanwhile remaining in force and standing as security. If the defense is successful, the judgment is vacated; otherwise, when it is closed by the action of the court, it operates as if it had never been disturbed." 34 C. J. 255. In view of the state statute, we do not think that the ex parte order vacating the tax judgment should be given any greater effect than the law contemplated that it should have. Such was doubtless the view of the state court, because, when the defense interposed by the answer was dismissed, no further order of sale was made.

[2] Again, as a general rule, a purchaser of property pendente lite is bound by the judgment in the pending action, and that rule obtains in the state of Oregon. "It is now settled that the assignment or transfer by a defendant of his interest in the subject-matter of the litigation during its pendency does not defeat the suit, but that his purchaser is bound by any judgment or decree that may be rendered therein." Posson v. Guaranty Loan Ass'n, 44 Or. 106, 74 P.

923. And the fact that the United States is the purchaser does not change the rule. In Ward v. Congress Const. Co., 99 F. 598, 39 C. C. A. 669, it was held that, while the United States cannot be sued or its property rights affected by a judgment, without the express authority of Congress, where it acquires property from a party to a pending suit its rights in such property are subject to the result of the litigation, the same as would be those of an individual.

For these reasons, we are of opinion that the United States acquired no title to the property in controversy under the deed from the Southern Oregon Company, and the individual appellants claiming under the government can have no greater rights than the government itself.

The decree of the court below is affirmed.