Argued and submitted June 6, decision of Court of Appeals is affirmed,
decision of trial court is reversed and remanded October 25,
petition for rehearing denied December 28, 1983

## PARTLOW, formerly Rembert,
*Respondent on Review,*

*v.*

## CLARK et ux,
*Petitioners on Review.*

(TC 16-81-06494, CA A23332, SC 29157)

671 P2d 103

K. Patrick Neill, Eugene, argued the cause and filed the brief for petitioners. With him on the brief were Hershner, Hunter, Miller, Moulton & Andrews, and Paul V. Vaughan, Eugene.

Claud A. Ingram, Salem, argued the cause and filed the brief for respondent.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case: Is an owner's interest in real property under a dissolution decree issued by a court of the county in which the land is located, but not recorded in the deed records of that county, void as to a subsequent purchaser for value who has not received actual notice? To say it differently—is it necessary to record a dissolution decree in the deed records as authorized by Oregon statutes to give constructive notice of it when the real property is located in the county in which the decree was issued?

We answer both versions of the question in the negative and affirm the result reached by the Court of Appeals, but remand to the trial court for a different purpose.

Phyllis Lee Partlow, the plaintiff, was previously married to Edward Dennis Rembert. Immediately before the dissolution of their marriage, Edward Dennis Rembert was the record owner of the Lane County real property in question. The decree of dissolution entered by the Circuit Court of Lane County on May 22, 1975, awarded an undivided one-half interest in the property to the wife, the plaintiff herein, as a tenant in common.[1] The decree further provided that "all documents necessary for the transfer of title" be executed within 60 days and that in the event of failure to do so "this decree shall be deemed the equivalent thereof." On the same date a judgment for child support and attorney fees was docketed in the judgment docket for Lane County, but the decree was not recorded in the deed records.[2] By deed recorded April 9, 1976, Rembert purported to convey the fee title of the entire tract to third persons. By deed recorded on August 10, 1978, the property was conveyed by the third persons ·to

---

[1] The defendants' brief in the Court of Appeals in part states:

"Defendants do not concede that the Decree provides that Plaintiff and her former husband are owners of the property as tenants in common. However, for the purposes of Defendants' motion for summary judgment, and for the purposes of responding to Plaintiff's appeal, Defendants have assumed that the Decree upon which Plaintiff's claim is based is unambiguous and that it orders conveyance to her of one-half (1/2) interest in the property from the record owner (her former husband)."

[2] The plaintiff in her brief in the Court of Appeals states: "The decree is not recorded." There is no evidence in the record that the decree was recorded at some later date.

Chester C. Clark and Mary L. Clark, husband and wife, the defendants herein.

On September 12, 1981, the plaintiff filed her amended complaint in this action seeking to partition the property and to recover damages for the cutting of timber. Both parties moved for a summary judgment, each claiming to be the owner of the undivided one-half interest in question as a matter of law. The plaintiff claimed under the dissolution decree and the defendants claimed to be bonafide purchasers for value. The plaintiff has never questioned the defendants' contention that they paid a valuable consideration for the property and had no actual notice of the plaintiff's interest. Summary judgment was granted to the defendants. The trial court in effect held that because the plaintiff did not record the dissolution decree in the deed records of Lane County, the defendants did not receive constructive notice of her interests in the property and therefore the decree was void as to the defendants who were bonafide purchasers for value.

The plaintiff appealed to the Court of Appeals. That court in an In Banc opinion reversed and remanded to the trial court. Two judges dissented. 60 Or App 237, 653 P2d 568 (1982). We allowed the defendants' petition for review. We affirm the Court of Appeals, but reach that result for different reasons.

The defendants contend that this case is controlled by ORS 93.680(1)(b), ORS 93.640(1), and *Temple v. Osburn,* 55 Or 506, 106 P 16 (1910). ORS 93.680(1)(b) is as follows:

"(1)   The following are entitled to be recorded in the record of deeds of the county in which the lands lie, in like manner and with like effect as conveyances of land duly acknowledged, proved or certified.

"* * * * *

"(b)   Judgments of courts in this state requiring the execution of a conveyance of real estate within this state."

The relevant part of ORS 93.640(1) provides:

"Every conveyance, deed, land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good

faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract or other agreement or memorandum thereof is first filed for record * * *."

The defendants claim that even though ORS 93.680(1)(b) is permissive on its face, *Temple v. Osburn, supra,* makes it mandatory and therefore it is necessary to record a decree requiring the conveyance of real property in the deed records. Then as a second step, the defendants claim failure to record a decree in the deed records triggers the consequences of ORS 93.640(1) and the decree is void as to subsequent purchasers for value without notice.

*Temple v. Osburn, supra,* was a suit to remove a cloud on 163 acres in Lane County. On January 19, 1905, the patent from the United States Government to Texana Brown conveying that land was recorded in the deed records. Texana Brown was the former wife of S. W. Brown, one of the defendants. On October 7, 1905, Texana Brown for a valuable consideration conveyed the land to Minnie B. Temple, the plaintiff. Temple did not record her deed until a later date. On May 22, 1906, S. W. Brown instituted a suit against his former wife alleging that she held the property in trust for him. A decree was entered "directing that within 30 days she convey the title to the lands to Brown, upon failure of which the decree would stand in lieu of such conveyance." 55 Or at 508. The decree was entered in "the journals of the court" but not recorded in the deed records. On June 22, 1906, S. W. Brown conveyed to some of the other defendants an undivided one-half interest in the property. On September 22, 1906, Minnie B. Temple recorded her deed from Texana Brown. This court, in reversing the trial court's decree in favor of the defendants, said:

"* * * Section 5373, B. & C. Comp.,[3] requires, as a condition precedent to a decree having the effect of a deed, that it first

---

[3] Section 5373, B. & C. Comp. is the statute which preceded ORS 93.680(1)(b).

The relevant part in 1910 at the time of the *Temple v. Osburn, supra,* opinion was:

"* * * decrees of courts of equity in this state requiring the execution of a conveyance of real estate within this state * * * shall be entitled to be recorded in the record of deeds of the county in which the lands lie, in like manner and with like effect as conveyances of land duly acknowledged, proved, or certified. [L. 1872, p.23 §1.]"

be recorded in the record of deeds in the county in which the land is situated. This was not done in the case at bar. True, the decree becomes effective without having been recorded, but, unless such requirement is complied with, those asserting title thereunder are in no better position than if holding through an unrecorded deed, and when not recorded the first conveyance executed will prevail." 55 Or at 511.

The plaintiff Partlow, in the case at bar, in effect denies the previously set forth contentions of the defendants Clark. By way of "counter-attack," the plaintiff claims: (1) a decree is not a conveyance and ORS 93.640 does not apply where title to real property is acquired by operation of law, and (2) the defendants are charged with constructive notice of the plaintiff's dissolution decree and therefore with notice of plaintiff's interest in the real property.

To support her first contention the plaintiff argues that the Oregon statutes make a clear distinction between a conveyance and a decree and that this court in *United Finance Company v. King,* 285 Or 173, 590 P2d 228 (1979), distinguished a "conveyance" from a "judicial decree" in a case involving ORS Chapter 18 statutes.[4]

To demonstrate that the Oregon Legislature intended that the dissolution decree is constructive notice, the plaintiff refers to ORS 93.730:

"A certified copy of any judgment, decree or order of confirmation affecting lands in this state made in any suit may be recorded in the records of deeds in any county in which the land affected is wholly or partly situated by any party interested in the land or suit. *After the transcript is so recorded, the decree is notice to all persons of such suit and the judgment, order or decree, as completely as if the entire proceedings were had originally in the county in which the transcript is recorded.* The record of the transcript is prima facie evidence of title as therein determined." (Emphasis added.)

---

[4] The plaintiff's first contention is a non-issue. The defendants do not claim that ORS 93.640(1) standing alone requires the recording of the dissolution decree as a "conveyance." The defendants have *only* contended that the statutory scheme of ORS 93.640(1) and ORS 93.680(1)(b) coupled with this court's decision in *Temple v. Osburn, supra,* require the recording of the dissolution decree in the decree records to cut off the rights of a bonafide purchaser for value. For this reason we are not required to give plaintiff's first contention further consideration.

The plaintiff argues that if the court records in the county where an original proceeding was held do not give notice, then the effect of recording under ORS 93.730 would be a useless act because the recording of the transcript would give only the same notice as the original proceedings. In other words, neither the original proceedings nor the recorded transcript would give notice.

The Court of Appeals held that the term "conveyance" as used in ORS 93.640(1) does not include a transfer of title by judicial decree. It further said that the above-quoted portion of *Temple v. Osburn, supra*, relied upon by the defendants, is dicta and that this court's opinion in *United Finance Company v. King*, appears to be in direct conflict with the dicta in *Temple*. We take that to mean that this court in *United Finance Company v. King, supra*, overruled *Temple v. Osburn, surpa*, without saying so.

The Court of Appeals determined that even though there is no statutory requirement that the plaintiff record her dissolution decree in the deed records, "there must be something to have given constructive notice to the defendants." It concluded that if the decree was properly docketed in the judgment docket under ORS 7.040(1),[5] it would have given constructive notice to the defendant and reversed and remanded the case to the trial court to make that determination.[6] The Court of Appeals did not refer to ORS 93.730.

---

[5] ORS 7.040(1) reads:

"(1) The judgment docket is a record wherein judgments and decrees are docketed, as provided by statute. The judgment docket shall contain the following information: Judgment debtor; judgment creditor; amount of judgment; date of entry in journal; when docketed; date of appeal; decision on appeal; satisfaction, when entered; other such information as may be deemed necessary."

[6] The parties stipulated on oral argument in this court that the record would be supplemented by certified copies of the relevant portions of the judgment docket of Lane County. These copies show that on May 22, 1975, the judgments for child support and attorney fees were docketed, but there is no direct reference to the real property award in the dissolution decree. The judgment docket in a column designed for that purpose shows that the journal entry was made on May 22, 1975. It also shows a number "74 5107" and a reference "R1 pg 639." When these numbers are compared with the certified copy of the dissolution decree, it becomes apparent that "74 5107" is the case number and "R1 639 refers to the book and the first page of the microfilm recording of the decree in the circuit court journal. Each page of the lengthy dissolution decree has marked on it a printed number showing the decree was recorded in Reel 345 at pages 639 through 674. The decree also has penciled on the first page a notation "46—99 & 100 5-22-75" which is the book and pages of the judgment docket and the date on which the decree was docketed. The decree also contains a file stamp of May 22, 1975.

■       We hold that this case is determined by ORS 93.730. This statute is a clear indication by the legislature that "any judgment, decree, or order of confirmation" in an original proceedings affecting lands in the same county gives the same constructive notice as an instrument recorded in the deed records of that county.

For example, assume the complaint in the Rembert dissolution had been filed in Klamath County and the circuit court of Klamath County had issued the same identical decree. The Klamath decree would not be constructive notice to people searching the Lane County records. However, this plaintiff (the former Phyllis Lee Rembert) could have taken a certified copy of the decree awarding her an undivided one-half interest in the Lane County lands and recorded it in the deed records of Lane County under ORS 93.730.

In that event, the certified copy of the decree, in the words of ORS 93.730, "is notice to all persons of such suit and the judgment, order or decree, as completely as if the entire proceedings were had originally" in Lane County. Thus, it necessarily follows that the decree in the original dissolution proceedings in Lane County gives the same notice as the deed records in Lane County and it would be redundant or a useless act to record a Lane County decree in the deed records of Lane County. The other side of the coin is that if an original proceedings in Lane County does not give constructive notice, then it would be futile to record the Klamath decree in the deed records of Lane County — neither would give notice.

What about *Temple v. Osburn, supra?* Our interpretation of ORS 93.730 flies in the face of the previously quoted paragraph from the *Temple* case. Our opinion in *Temple* was handed down in 1910. What is now ORS 93.730 was first adopted by the Oregon legislature as a part of chapter 329 of the Oregon Laws, 1917.[7] We hold that the legislature, by

---

The Court of Appeals in effect remanded to the trial court to determine if the entries in the judgment docket standing alone were sufficient to give the defendants constructive notice of the plaintiff's undivided one-half interest in the real property in question. Because of the result we reach, we do not find it necessary to decide that question.

[7] Chapter 329 of Oregon Laws, 1917, amended Section 396 of Lord's Oregon Laws which was a venue statute. A part of the language of Chapter 329 was entirely new and with minor changes has become ORS 93.730. That part in 1917 read as follows:

enacting the 1917 statute, changed the law and the quoted portion of *Temple* is no longer the law. We now formally overrule that portion of *Temple v. Osburn* which is inconsistent with ORS 93.730 and this opinion.

Because of the above holding it is not necessary for us to decide if the language relied upon by the defendant in *Temple* was dicta. We need not re-examine our opinion in *United Finance Company v. King, supra,* which was decided on the basis of Chapter 18 Oregon Revised Statutes. In footnote 1 of the opinion in *United Finance Company,* we specifically pointed out that "no reference was made in this court to any possible relevance of the recording statutes, ORS 93.610-93.800 * * *." 285 Or at 176.

The Court of Appeals found that if the plaintiff's dissolution decree was properly docketed in the judgment docket for Lane County, it would be constructive notice to the defendants. We do not think that constructive notice is limited to the entry of a decree in the judgment docket. It necessarily follows from ORS 93.730 that the decree in an original proceedings is itself "notice to all persons of such suit and the judgment, order or decree * * *." This follows the statutory scheme. The records of the circuit court include, among other things, a register and a journal. ORS 7.010(1). The register is a record wherein the clerk enters or notes the filing of all "papers" in a circuit court case. ORS 7.020. The journal is a record where the clerk enters the "proceedings" of the court. ORS 7.030. In this case the defendants, by searching the records of Lane County, could have discovered the plaintiff's interest in the real property by reading the decree. The decree could have been found by looking in the circuit court register which would have referred the searcher to the court

---

"Upon the rendition of any judgment, decree or order of confirmation or any final judgment or decree affecting lands in another county in this State, it shall be lawful for any party interested in such land or the suit, to record in the records of deeds in any other county of this State, a certified copy of such judgment, decree, order of confirmation or other final order or decree affecting lands in such other county of this State; and after the recording of such transcript in the proper records of deeds of such county, such decree shall be notice to all persons of such suit and the judgement, order or decree, as fully and completely as if the entire proceedings were had originally in such county in which the transcript is thus recorded; and the record of such transcript shall be *prima facie* evidence of title as therein determined."

file. The decree shows on its face that it was entered in full in the circuit court journal. There may be cases in which the provisions of a decree requiring "more than the payment of money" should be docketed in the judgement docket, but this is not that case.

By way of summary we hold: The quoted portion of *Temple v. Osburn, supra,* inconsistent with this opinion is overruled. Because *Temple v. Osburn* is overruled, there is no mandatory requirement under ORS 93.640(1) to record a dissolution decree in the deed records, and therefore the failure to record does not render the decree void as to bonafide purchasers under ORS 93.680(1)(b). The legislature, through the enactment of ORS 93.730, declared that a dissolution decree entered only in the court file or circuit court journal is constructive notice as to real property in the same county.

The summary judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.