Argued and submitted September 19; resubmitted In Banc December 1, 1983, reversed and remanded with instructions January 25, reconsideration denied April 6, petition for review denied June 26, 1984 (297 Or 340)

## FREMONT INDEMNITY COMPANY,
*Appellant,*

*v.*

## CORBETT et al,
*Defendants,*

*v.*

## POTTER et al,
*Respondents.*

## (39-981; CA A26514)

675 P2d 1097

Floyd Hinton, Portland, argued the cause for appellant. With him on the briefs was Deich and Hinton, Portland.

Janice M. Stewart, Portland, argued the cause for respondents. With her on the brief was McEwen, Hanna, Gisvold, Rankin & Van Koten, Portland.

John M. Jankin, Acting County Counsel, Washington County, filed a brief amicus curiae for Washington County.

WARDEN, J.

Richardson, J., concurring.

## WARDEN, J.

Plaintiff, an insurer, filed this action on August 14, 1979, to impose a constructive trust on real property which defendant Gamble purchased with funds given her by defendant Corbett. Corbett had obtained the funds from plaintiff through a fraudulent insurance claim. On August 16, 1979, Gamble executed a deed conveying the property to Richard Pierce. The next day, Gamble was served with a summons and a copy of plaintiff's complaint in this action. On September 25, 1979, Pierce sold the property to intervening defendants, the Potters. Neither Pierce nor the intervenors had actual knowledge of the pending action at the time of their transactions involving the property. Plaintiff contends that, under the doctrine of *lis pendens,* the intervenors' interest in the property is subject to plaintiff's claim in this action. The trial court entered judgment for the intervenors. Plaintiff appeals, and we reverse and remand.[1]

Plaintiff assigns four errors, the first being the court's determination that intervening defendants were not bound under the *lis pendens* doctrine but took the property free and clear of plaintiff's claim. Because we find this assignment well taken and reverse thereon, we will not address the remaining assignments.

The common law doctrine of *lis pendens* was explained in *Houston v. Timmerman,* 17 Or 499, 21 P 1037, 11 AS 848, 4 LRA 716 (1889):

"* * * [A]mong the ordinances of rules adopted by Lord-Chancellor Bacon 'for the better and more regular administration of justice' was one which provided that where a person 'comes in *pendente lite,* and while the suit is in full prosecution, and without any color or allowance, or privity of the court, there regularly the decree bindeth.' Chancellor Kent said that a '*lis pendens* duly prosecuted, and not conclusive, is notice to a purchaser so as to affect and bind his interest by the decree.' Strictly speaking, however, the *doctrine of lis pendens* is not founded upon notice, but upon reasons of public policy, founded upon necessity. 'It affects him,' said Lord-Chancellor Cransworth, 'not because it amounts to notice, but because the law does not allow litigant parties to

---

[1] The trial court's findings and conclusions indicate that it premised the decision on a different ground than the one we consider dispositive. Our disposition does not require us to address that ground.

give to others, pending the litigation, rights to the property in disputes so as to prejudice the opposite party. . . . The necessities of mankind require that the decision of the court shall be binding, not only on the litigant parties, but also on those who derive title under them by alienation made pending the suit, whether such alienees had or had not notice [of] pending proceedings. * * * Hence the general proposition that one who purchases of either party to the suit the subject-matter of the litigation after the court has acquired jurisdiction is bound by the judgment or decree, whether he purchased for a valuable consideration or not, and without any express or implied notice in point of fact, is sustained by many authorities, and disputed by none. * * *

"* * * Two things, however, seem indispensable to give [lis pendens] effect: 1. That the litigation must be about some specific thing, which must necessarily be affected by the termination of the suit; and 2. That the particular property involved in the suit 'must be so pointed out by the proceeding as to warn the whole world that they intermeddle at their peril.' (Freeman on Judgments, secs. 196, 197.)" 17 Or at 503-05, 21 P 1037.[2]

Plaintiff argues that *lis pendens* attached at the time the complaint against Gamble and Corbett was filed and therefore was operative when Gamble conveyed the property to Pierce two days later. The intervenors argue that *lis pendens* did not attach until service was made on Gamble, one day after she deeded the property to Pierce. Whether the filing of a complaint or the perfection of service is the event giving rise to *lis pendens* is a question the Supreme Court expressly left open in *Walker v. Goldsmith,* 14 Or 125, 139, 12 P 537 (1886).

The intervenors point out that in *Houston v. Timmerman, supra,* the court stated that *lis pendens* applies to one who purchases the subject-matter of the litigation "after the court has acquired jurisdiction." 17 Or at 504. The intervenors reason that, because the court does not acquire jurisdiction over the person of a defendant until service occurs, ORCP 4, *lis pendens* cannot attach before the defendant is served. Plaintiff argues, *inter alia:*

---

[2] ORS 93.740 supersedes the common law rule with respect to property outside the county in which the action is brought. The common law rule is applicable here, however, because the property in question is located in Washington County and the action was brought in that county.

"The terminology, when an action is pending; when an action has been commenced; when the court has jurisdiction; have been used loosely and interchangeably by the authorities in reference to *lis pendens* notice. ORCP 3 provides:

" 'Commencement of action. Other than for purposes of statutes of limitations, an action shall be commenced by filing the complaint with the clerk of the court.'

"If the filing commences an action, that can only mean the action is pending. [The intervenors] argue that Rule 4 gives personal jurisdiction when the defendant has been served. Since the defendant was not served until after the conveyance, *lis pendens* is not applicable. I do not believe that jurisdiction of the person, ORCP [4] or in rem proceeding, ORCP 5, control. Jurisdiction of the court generally refers to the jurisdiction of the subject matter. No argument has been advanced that the Circuit Court of Washington County did not acquire jurisdiction of the subject matter at the time the complaint was filed."

Both plaintiff's and intervenors' arguments are logical, and the respective conclusions the parties urge us to reach are both legally tenable. However, we are persuaded that the conclusion plaintiffs advocate is the better one.

Under similar facts, the Supreme Court so concluded in *Posson v. Guaranty Loan Assoc.*, 44 Or 106, 74 P 923 (1904). In that case, the plaintiff brought an action to compel cancellation of a note and the mortgage given to secure it on the ground that the debt had been fully paid. The complaint was filed on November 25, 1901, but the summons was not served on the defendant until December 18, 1901. The defendant's answer, pleading in abatement, alleged that it had sold and assigned the note and mortgage for a valuable consideration to a third party on December 2. The plaintiff's demurrer to the plea on the ground that it did not state facts constituting a defense was sustained. When the defendant refused to plead further, a decree was entered as prayed for by the plaintiff, and the defendant appealed.

In affirming the trial court, the Supreme Court's short opinion stated:

"The defendant's assignment of the note and mortgage in suit was made after the complaint had been filed and the summons issued, but before its service on the defendant, and the question for decision is whether such an assignment will

abate or defeat the suit. It is now settled that the assignment or transfer by a defendant of his interest in the subject-matter of the litigation during its pendency does not defeat the suit, but that his purchaser is bound by any judgment or decree that may be rendered therein; *Walker v. Goldsmith,* 14 Or. 125 (12 Pac. 537); *Houston v. Timmerman,* 17 Or. 499 (21 Pac. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848); *Jennings v. Kiernan,* 35 Or. 349 (55 Pac. 443, 56 Pac. 72). There is some conflict in the authorities as to when a suit is deemed to be commenced and pending, within this rule, but it is unnecessary to look beyond our statute for an answer to the question. Subdivision 2 of Section 745, B. & C. Comp., provides that a judgment or decree is, in respect to the matter directly determined, conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit, or proceeding, litigating for the same thing, under the same title, and in the same capacity.[3] By this section a judgment or decree is made conclusive as against a purchaser from either of the parties after 'the commencement of the action, suit, or proceeding.' By Sections 51 and 396, B. & C. Comp., an action or suit is to be deemed commenced, for all purposes except the statute of limitations, by the filing of the complaint with the clerk of the court: *Burns v. White Swan Min. Co.* 35 Or. 305 (57 Pac. 637).[4] Therefore, an assignee who acquires title to the subject-matter of the litigation after the filing of the complaint takes *pendente lite,* and is bound by the proceedings against his assignor." *Posson v. Guaranty Loan Assoc., supra,* 44 Or 107-108. (Footnotes added.)

We hold that, because the conveyance to the intervenors' predecessor took place after the complaint against Gamble was filed, the intervenors' interest in the property is subject to the outcome of that litigation.[5]

Reversed and remanded for entry of a decree imposing a constructive trust on the real property described in plaintiff's complaint.

---

[3] That provision is now contained in ORS 43.130(2).

[4] ORCP 3 now expressly so provides.

[5] In a related context, the Supreme Court has held that a decree of dissolution that is filed, but not docketed, constitutes notice to subsequent purchasers of an interest in real property created by the decree, where the real property is situate in the county in which the decree is filed. *Partlow v. Clark,* 295 Or 778, 671 P2d 103 (1983).

**RICHARDSON, J.,** concurring.

I agree with the lead opinion that *Posson v. Guaranty Loan Assoc.,* 44 Or 106, 74 P 923 (1904), is controlling and requires the disposition that we reach. I write separately to note that the intervenors' argument has considerable merit, and *Posson* may be in need of reexamination.

Common law *lis pendens* is a peculiarly harsh variant of constructive notice; it charges purchasers with knowledge of events which they *may in fact* have no way of ascertaining.[1] In theory, at least, even the defendant would be unaware of a pending action before being served. If *lis pendens* becomes operative before the defendant is likely to know that he has been sued, a person purchasing property from the defendant could not even look to the seller as a presumptively informed source of information. I recognize that deferring the operation of *lis pendens* until the defendant has been served may result in an incremental number of conveyances that the doctrine was designed to prevent.[2] However, I think that that risk is an acceptable cost of a more equitable rule and that the risk is offset by the incremental number of innocent purchasers who might avoid injury because of that rule.

Plaintiff argues that the common law *lis pendens* doctrine exists "to prevent parties to litigation from conveying * * * the subject thereof" and that the "essence of *lis pendens* is not constructive notice within the limitation of that term." *See Houston v. Timmerman,* 17 Or 499, 503, 21 P 1037, 11 AS 848, 4 LRA 716 (1889). However, the fact that *lis pendens* is not concerned *primarily* with notice does not mean that particular questions about the application of the doctrine must be decided in a way that *minimizes the possibility* of notice.

If our decision were not governed by contrary Supreme Court precedent, I would affirm the judgment for the intervenors.

---

[1]Here, for example, the intervenors had no realistic ability to learn about the pending action from any public record, because the action was incorrectly indexed by the circuit court clerk.

[2]I note, however, that this is a speculative proposition. It is at least as possible that a person who has purchased property with fraudulently obtained money will convey the property before being sued; the seller might regard it as imprudent to depend on discovering that an action has been brought and on conveying the property between the time a complaint is filed and the time of service.