[Filed May 3, 1889.]

## HOUSTON, APPELLANT, *v.* TIMMERMAN, RESPONDENT.

LIS PENDENS — WHAT FOUNDED UPON. — Strictly speaking, the doctrine of *lis pendens* is not founded upon notice, but upon reasons of public policy, founded upon necessity.

ID. — OBJECT AND PURPOSE OF DOCTRINE OF. — The purpose of the rule is to keep the subject-matter of the litigation within the power of the court until the judgment or decree shall be entered; otherwise, by successive alienations pending the litigation, its judgment or decree could be rendered abortive, and thus make it impossible for the court to execute its judgment or decree.

ID. — SUBJECT-MATTER OF SUIT. — The general rule is, that one who purchases of either party to the suit the subject-matter of the litigation after the court has acquired jurisdiction, is bound by the judgment or decree, whether he purchased for a valuable consideration or not, or without any express or implied notice in point of fact.

ID. — WHAT ESSENTIAL TO. — Two things seem indispensable to give effect to the doctrine of *lis pendens:* 1. That the litigation must be about some specific thing, which must necessarily be affected by the termination of the suit; and 2. That the particular property involved in the suit must be so definite in the description that any one reading it can learn thereby what property is intended to be made the subject of litigation.

DIVORCE — EFFECT OF DECREE IN SUIT FOR. — In a divorce suit, the real property which comes to the wife as a result of the divorce is not the subject-matter of the litigation. The court has no jurisdiction to affect or divest the title of the husband to lands owned by him, or to decree one third of them to the wife, independent of a decree for divorce. Nor has the plaintiff any title upon which to base a suit to recover any portion of the same, except as it comes by force of the statute upon a decree for a divorce.

DIVORCE SUIT — ALIMONY PENDING. — Temporary alimony may be granted *pendente lite,* but the title of the real estate of the defendant remains intact,

and cannot be divested during the pendency of the litigation, but only when a decree has been rendered that the marriage is dissolved.

ID. — WHAT DECREE MUST STATE. — It is "whenever a marriage shall be declared dissolved" that the statute operates, — not before, or *pendente lite*, — and the court is then authorized and it becomes its "duty" "to enter a decree" for the undivided one-third part in fee of the whole of the real estate "*owned* by the defendant *at the time* of such decree" for a divorce.

ID. — REAL PROPERTY OF PARTIES, WHEN AFFECTED BY. — While the prosecution of a divorce suit might terminate in a decree which would affect, as a result thereof, the property of the defendant, such real property is not the specific subject of the controversy, and by reason thereof is not withdrawn from such burdens as may be legally imposed upon it for just claims upon judgments recovered and docketed against its owner prior to divesting him of his title by force of the statute under the decree for a divorce.

ID. — It results that a purchaser of such lands at an execution sale upon such judgment is not affected by or subject to the rule of *lis pendens*.

DECREE IN DIVORCE CASES — EFFECT OF ON REAL ESTATE OF PARTY IN THE WRONG. — While, since the decision in *Bamford* v. *Bamford*, 4 Or. 30, it has been deemed essential, to reach the property of the guilty party, that such property should be described in the complaint and decree, yet it is doubtful whether any such allegation is necessary, but that it is a sufficient compliance with the last clause of section 499, Oregon Code, to say, in effect, that the party obtaining the divorce is thereby entitled to one third of the real property owned by the other.

ID. — In this view, if any question arises as to what property was so owned by him, it can be determined by appropriate proceedings for that purpose between the parties interested much better than in a divorce suit, in which it is neither convenient nor proper that third parties, in order to protect their rights, should be compelled to intervene and become parties to a controversy beween husband and wife in a divorce proceeding.

APPEAL from Linn County.

*Hewitt & Bryant* and *Tilmon Ford*, for Appellant.

*J. K. Weatherford* and *D. R. N. Blackburn*, for Respondent.

LORD, J.—This was a suit to partition certain lands described herein.

The defendant denied that the respondent had any interest in said lands, and alleged that she was the owner in fee-simple and entitled to the possession of the whole

of said premises. The plaintiff, in reply, denied this, and alleged affirmatively that, some time in July, 1884, she commenced a suit against A. J. Houston for a divorce and alimony, and for an equal undivided one third of the real property then owned by said Houston, and that he was the owner in fee of said real property which was duly described therein; that the summons in said divorce suit was served on         1884, and that, prior to that time, and prior to the twenty-sixth day of September, 1884, the defendant Timmerman had notice that the complaint for divorce and one third of said real property had been filed by the plaintiff against her husband; that on the fifth day of February, 1886, a decree was entered granting a divorce in favor of the plaintiff, and adjudging her to be the owner of the undivided one third of said real property, etc.

The court below, after a trial of said cause, rendered a decree therein, granting the prayer of plaintiff for partition, except as to the 160 acres of land mentioned therein, and partition was ordered and made on June 26, 1888, and confirmed by the court.

The defendant Timmerman derived her title to the premises in dispute in this wise: "On the fifteenth day of March, 1880, the plaintiff's husband, A. J. Houston, for value, made and delivered his promissory note to the defendant Timmerman for the sum of $3,400, with interest at the rate of ten per cent per annum from date; that the said A. J. Houston failing to pay said note, the defendant, Timmerman, commenced suit on the twenty-sixth day of September, 1884, and caused service of summons to be made upon him on that day; and that on October 27, 1884, the defendant, Timmerman, recovered judgment against the said A. J. Houston for the sum of $5,463.87, which, on the same day, was duly docketed in the judgment lien docket, and thereupon became a lien upon all

the real property mentioned in the complaint in this suit. It further appears that on March 19, 1883, said A. J. Houston made and delivered his promissory note to J. T. Williams for one thousand dollars, with interest from date at the rate of ten per cent per annum, payable six months after date, and to secure the payment of the same, executed a mortgage, which was duly recorded, upon the 160 acres of land set out in the complaint. The said Houston failing to pay said note, the mortgage was foreclosed against the said Houston and the plaintiff herein. The defendant Timmerman, however, answered, setting up her judgment, and asked, if the property be sold to foreclose said mortgage, that the overplus, if any, should be applied in payment of her judgment, and a decree was accordingly so entered, etc. That execution was issued upon said decree, and said 160 acres was sold to the defendant Timmerman for $2,500; that thereafter, on May 13, 1885, execution was issued upon said judgment, and the remainder of the premises described herein was sold to the defendant Timmerman, and said sale confirmed, and deeds were fully executed by the sheriff to said defendant.

It will be noticed that the suit of the defendant Timmerman to recover the amount due on the note against A. J. Houston, who was then the husband of the plaintiff herein, was commenced after the suit of the plaintiff for divorce against her husband, and that a judgment was recovered and docketed before a decree in the divorce suit was rendered, and in which one third of the real estate then owned by the husband was decreed the plaintiff. It is true, there was no direct proof of the date of the service of the summons in the divorce suit, but as this will not affect the result reached, it is immaterial. The contention is, that the defendant Timmerman was a purchaser *pendente lite.* There is, however, a preliminary question to be first disposed of, namely, that the appeal

was not taken within six months, as allowed by law. The answer to this is, that the objection relates to the interlocutory or first decree, and not to the final decree, and that, as our own code does not authorize an appeal from interlocutory judgments or decrees, but only from such as are final, and the appeal from the final decree being within six months, there was a right of appeal, and the objection, therefore, is unavailing.

An examination of the statutes of the two states from which the authorities were read, to the effect that an appeal might be taken before a final judgment or decree was entered, show that appeals in those states may be taken from interlocutory judgments or decrees, which not being the case under our code, they fail on application. (See Freeman on Partition, secs. 519, 527.)

But to return: among the ordinances of rules adopted by Lord-Chancellor Bacon "for the better and more regular administration of justice" was one which provided that where a person "comes in *pendente lite*, and while the suit is in full prosecution, and without any color of allowance, or privity of the court, there regularly the decree bindeth." Chancellor Kent said that a *"lis pendens* duly prosecuted, and not conclusive, is notice to a purchaser so as to affect and bind his interest by the decree." Strictly speaking, however, the *doctrine of lis pendens* is not founded upon notice, but upon reasons of public policy, founded upon necessity. "It affects him," said Lord-Chancellor Cranworth, "not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute so as to prejudice the opposite party. . . . . The necessities of mankind require that the decision of the court shall be binding, not only on the litigant parties, but also on those who derive title under them by alienation made pending the suit, whether such alienees

had or had not notice pending proceedings. If this were not so, there could be no certainty that litigation would ever come to an end." (*Bellamy* v. *Sabine*, 1 De Gex & J. 566.) The main purpose of the rule is to keep the subject-matter of the litigation within the power of the court until the judgment or decree shall be entered, otherwise, by successive alienations, its judgment or decree could be rendered abortive, and thus make it impossible for the court to execute its judgments or decree. Hence the general proposition that one who purchases of either party to the suit the subject-matter of the litigation after the court has acquired jurisdiction is bound by the judgment or decree, whether he purchased for a valuable consideration or not, and without any express or implied notice in point of fact, is sustained by many authorities, and disputed by none. (*Eyster* v. *Gaff*, 91 U. S. 521; *Grant* v. *Bennett*, 96 Ill. 513; *Randall* v. *Lowe*, 98 Ind. 261; *Daniels* v. *Henderson*, 49 Cal. 242; *Blanchard* v. *Ware*, 43 Iowa, 530; *Carr* v. *Lewis*, 15 Mo. App. 551; *Currie* v. *Fowler*, 5 J. J. Marsh. 145; *Hiern* v. *Mill*, 13 Ves. 120; 1 Story's Eq. Jur., sec. 405.)

The doctrine of *lis pendens* was introduced in analogy to the rule at common law in a real action, "where, if the defendant aliens after pendency of the writ, the judgment in the action will overreach such alienation." (*Sorrie* v. *Carpenter*, 2 P. Wms. 482.) And this may account for the leaning in some of the courts to restrict the application of the rule of *lis pendens* to actions or suits affecting title to real property. (*McLaurine* v. *Munroe*, 30 Mo. 469; *Winston* v. *Westfelt*, 22 Ala. 760; 58 Am. Dec. 278; *Baldwin* v. *Love*, 2 J. J. Marsh. 489; *Murray* v. *Settleburn*, 2 Johns. Ch. 441.) But it is hardly considered well settled that it may not with equal propriety be applied to the sales of chattels. Two things, however, seem indispensable to give it effect: 1. That the litigation must be about

some specific thing, which must necessarily be affected by the termination of the suit; and 2. That the particular property involved in the suit "must be so pointed out by the proceeding as to warn the whole world that they intermeddle at their peril." (Freeman on Judgments, secs. 196, 197.)

Now, the divorce suit of the plaintiff was not brought specifically to recover the one third of the real estate of her husband, as was decreed in the divorce proceeding. The land was not the subject-matter of the litigation, and the subject of the suit was not to recover title that belonged to the plaintiff. It was incidental and collateral to the divorce proceeding. The court has no jurisdiction to affect the title of the husband to his lands, or decree that one third of them shall be set apart for her in her own right and title, independent of a decree for divorce. Nor has the plaintiff any title on which to base a suit to recover any portion of the same, except as it comes by force of the statute upon a decree for divorce.

A proceeding in divorce is partly *in personam* and partly *in rem;* and in so far as it is to affect the marriage *status*, it is to change a thing independent of the parties, and is a proceeding, not against the parties *in personam*, but against their *status in rem*. (Am. & Eng. Ency. of Law, tit. Divorce, 751.) The matter upon which the jurisdiction acts is the *status;* the marriage is the thing which the suit is brought to dissolve, — it is the subject of the litigation, — but as incidental to it, the court may grant temporary alimony *pendente lite*, or permanent alimony when a decree for divorce is rendered. And the general rule is, that bills for alimony do not bind the property of the defendant with *lis pendens*. (1 Story's Eq. Jur., sec. 196; *Brightman* v. *Brightman*, 1 R. S. 112; *Isler* v. *Brown*, 66 N. C. 556; *Almond* v. *Almond*, 4 Rand. 662; 15 Am. Dec. 781.)

But the court cannot affect the title of the real property of the defendant in a divorce proceeding until the point is reached that a decree of divorce is to be rendered. Temporary alimony may be granted *pendente lite*, but the title of the real estate of the defendant remains intact, and cannot be affected during the pendency of the proceeding, but only when the proceeding for a divorce has terminated, and a decree rendered that the marriage is dissolved, and then only by force of the statute.

Our statute provides: "*Whenever* a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided one-third part in his or her undivided right in fee of the whole of the real estate *owned* by the other *at the time of such decree;* and it . . . . shall be the duty of the court to enter a decree in accordance with this provision." (Code, sec. 499.)

It is "whenever a marriage shall be declared dissolved" that the statute operates, — not before, or *pendente lite,* — and the court then becomes authorized and it is its "duty" "to enter a decree" for the undivided one-third part in fee of the whole of the real estate "*owned* by the defendant *at the time of such decree*" for a divorce.

It must be manifest, then, that the primary object of the suit is to affect the marriage relation, — its *status,* — that it is the specific matter in controversy to be affected, and that it is only when the *status* is changed by a decree of divorce that the statute operates to divest title "owned" by the defendants, and that it then becomes the duty of the court to enter a decree in accordance with its provisions. Nor do the cases cited by counsel sustain his contention. In *Folerton* v. *Willard,* 30 Ohio St. 586, the suit was of "double aspect," as said by the court, and was brought to protect her equitable right in property, which was the subject of dispute. This property was bought

with the wife's money, and she sought a restoration of her rights. The court says: "It is evident that the court, in coming to its conclusion, did take these equities into consideration, so that the decree may fairly be considered an equitable one in her favor." And again: "In a proceeding like the one under consideration, where the wife claims rights in her husband's property other than those arising from the marital relation, and insists upon them in connection with her claim for alimony, the court is fully authorized to pass upon them." In *Daniel* v. *Hodges*, 87 N. C. 97, the proceeding was for alimony, and the only property which the husband owned was a lot that the wife sought to have subjected to her claim, and was in actual possession of it by order of the court, when her husband, pending the litigation, conveyed it to another, and the court held, under the exceptional circumstances of the case, that the doctrine of *lis pendens* applied. There the proceeding was to subject the specific thing to her claim, which the husband attempted to defeat by conveying away the property, and the court, while admitting the general doctrine that a *lis pendens* was not applicable in such cases, said: "We are of the opinion the petition for alimony, under the *particular* circumstances of the case, constituted such a *lis pendens* as affected the purchaser with notice, independent of the actual notice had," and rendered the deeds void. But this has no relevancy to the case at bar. There she sought to subject the property to her claim for alimony, and the suit was directed specifically against it, and she was put in actual possession by order of the court; and then it was only "under the peculiar circumstances of the case" that the court thought the purchaser from the husband pending the litigation was affected with the rule of *lis pendens*. Here there was no alienation of the property, which was only incidentally involved or any charge of any act on the

part of the defendant Houston, to defeat any right whatever which might accrue to the plaintiff, if the marriage should be dissolved. If the defendant Houston had conveyed away the property to another with the object of defeating her right, upon a decree for divorce, to any interest in his lands, such purchaser may be affected with the rule of *lis pendens* in such case; but that is not the question here, and which it will be time enough to decide when properly presented for our consideration. The debt which the defendant Houston owed the defendant Timmerman was contracted long before the suit for divorce was commenced, or the cause or ground of the divorce existed, and doubtless the credit was given on the faith of the property, a part of which included the property in dispute, then owned by Houston. There is no pretense of any fraud or collusion, or that the debt is not an honest obligation which Houston ought to have paid long before the divorce proceeding was instituted. Although the commencement of the divorce suit might result in a decree which would affect the property of the defendant, the property was not the subject specifically of the litigation, and by reason thereof was not withdrawn from such burdens as might be legally imposed upon it for just claims upon judgments recovered and docketed against its owner prior to divesting him of his title by force of the statute under the decree. The defendant Timmerman had the legal right to commence her action to recover the money due on the note of Houston, and the fact that the wife of Houston had instituted proceedings for a divorce did not affect that right, but when judgment was recovered thereon and docketed by force of law, the lands then owned by him in that county, including the land in dispute, became subject to the lien of such judgment; and as the facts show that this was before any decree was rendered in the divorce whereby title to such lands could

be divested, it follows that whoever took title from him subsequently, either by contract or- by operation of law, took said title *cum onere*, or subject to the lien of such judgment. It results, as a purchaser of said lands at an execution sale upon such judgment, the defendant Timmerman was not affected by or subject to the rule of *lis pendens*, and her deed thereby rendered invalid. It is true, in the divorce suit, the property was described in the complaint and decree, which, since the decision in *Bamford* v. *Bamford*, 4 Or. 30, has been deemed essential to reach the property of the guilty party, but it is apprehended that neither allegation or proof concerning the lands is necessary, but that it is enough and a sufficient compliance with the latter clause of section 499 of the Oregon code to say, in affect, that the party obtaining the divorce is hereby entitled to one third of the real property owned by the other, whatever it may be. In this view, if any question arises as to what property was so owned by him, it can be determined by appropriate proceedings for that purpose between the parties interested much better than in a divorce suit, in which it is neither proper nor convenient that third parties, in order to protect their rights, should be compelled to intervene and become parties to a controversy between husband and wife in a divorce proceeding. (*Barrett* v. *Failing*, 6 Saw. 475.) So that, however we look at the facts of this record, our conclusion is that the decree of the lower court must be reversed, and it is so ordered.