Argued October 25, 1978, reversed and remanded with
instructions March 19, reconsideration denied April 24, petition
for review denied July 17, 1979

SLAUSON, *Appellant.*

*v.*

USHER, *Respondent.*

(No. A7706-08748, CA 10788)

592 P2d 247

Stephen B. Herrell, Portland, argued the cause for
appellant. With him on the briefs was McMenamin,
Joseph, Herrell & Paulson, Portland.

Arden E. Shenker, Portland, argued the cause for
respondent. With him on the brief were Paul G. Loren-
zini, and Tooze, Kerr, Peterson, Marshall & Shenker,
Portland.

[303]

Before Schwab, Chief Judge, and Lee, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff appeals from a summary judgment in this declaratory judgment suit brought to determine the rights of the parties to certain real property.

In 1974, plaintiff and his wife, Margaret A. Slauson, leased the property from S.D.T. Investment Co., and operated a store on it. The lease agreement gave the Slausons the option to purchase the property from the lessor. In April, 1976, at which time a suit for dissolution of the Slausons' marriage was pending, Mrs. Slauson informed the lessor that she wished to exercise the purchase option. After obtaining plaintiff's consent to his wife's exercising the option unilaterally, the lessor sold the property to Mrs. Slauson. She borrowed the purchase money from defendant and executed a mortgage in his favor, which was recorded in July, 1976.

The dissolution proceeding resulted in a decree, docketed in August, 1976,[1] which provided that Mrs. Slauson was to be the "sole and exclusive owner of all the parties' interest" in the property, "free and clear of any interest" in plaintiff, but that Mrs. Slauson

"having indicated a willingness to permit [plaintiff] to purchase the aforesaid real property from [her] for the sum of $67,500 in cash, on or before June 30, 1979, time being of the essence, [plaintiff] shall have the right to so purchase such property at said price, by paying [Mrs. Slauson] the sum of $67,500 on or before June 30, 1979."[2]

After the entry of the dissolution decree, Mrs. Slauson became delinquent in her mortgage payments to defendant. He demanded payment and, in October,

[1] The decree was entered nunc pro tunc to June 30, 1976. We therefore infer that the trial court meant to make the property disposition effective immediately "notwithstanding the 60-day delay in the effective date of the dissolution" under ORS 107.115(1). *United Finance Company v. King,* 285 Or 173, 178, ___ P2d ___ (1979).

[2] The dissolution decree was subsequently modified in accordance with this court's opinion in *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). The modification is not relevant to the present controversy.

1976, Mrs. Slauson executed a deed transferring the property to defendant in full satisfaction of her indebtedness to him.

The record indicates the defendant was familiar with the business and personal affairs of the Slausons. He knew of the pending dissolution proceeding at the time he loaned the money to Mrs. Slauson and, therefore, at the time he accepted the deed from her. However, he was not specifically aware that the dissolution decree had given plaintiff an option interest in the property. The record is vague about why defendant, who had previous experience as a mortgagee of real property, elected to take a deed to the property rather than initiating foreclosure proceedings, but his deposition testimony was to the general effect that he wanted to spare Mrs. Slauson the travails of a foreclosure suit.

In April, 1977, plaintiff's attorney wrote to defendant, informing him of plaintiff's option right and of plaintiff's intention to exercise it. This litigation ensued. Both plaintiff and defendant moved for summary judgment, and defendant's motion was allowed. The trial court's order declared that the property was defendant's, "free and clear of any claim from any of the other parties to this case," and that "[t]hat certain claim of the plaintiff * * * for an interest as an optionee in the * * * property is denied in all respects."

On appeal, plaintiff's basic argument is that the option right granted him by the dissolution decree created an interest in the property which "ran with the land"; that although defendant's mortgage was senior to plaintiff's option, defendant did not take the property through a foreclosure suit, but instead became a vendee of the property approximately two months after the docketing of the dissolution decree which created plaintiff's option right; that plaintiff's option was therefore a right in the property senior to the defendant's interest; and that defendant had either actual or constructive notice of plaintiff's option right.

The Oregon Supreme Court has held that, although an option right under a lease does not create a "property interest," the option "is 'a continual obligation running with the lease,'" and, if exercised, has preference over the interest of a subsequent purchaser who has notice of the option interest. *The Texas Co. v. Butler et al.,* 198 Or 368, 256 P2d 259 (1953); *Fargo v. Wade,* 72 Or 477, 142 P 830, LRA 1915A 271 (1914). While there are distinguishing factors, there is no readily apparent reason why an option interest in real property created by a dissolution decree should not have the same legal status as one created by contract.

We therefore agree with plaintiff that his option right is an interest in the property to which the interest of any subsequent purchaser with notice is subject. We also agree with plaintiff that defendant's claim to the property emanates from the deed executed after the docketing of the dissolution decree rather than the mortgage interest created prior to the entry of the decree. The foreclosure and related procedures under ORS chapter 86 are expressly made the exclusive means of obtaining property under a mortgage. ORS 86.010. The procedures under ORS chapter 86 include a requirement that all persons other than the mortgagee with interests in the property must be given notice of or be made parties to the foreclosure suit as a condition of cutting off their interests. ORS 86.030. The foreclosure procedures were not followed by defendant, and the deed to the property he took in lieu of foreclosing on the mortgage was legally unrelated to any interest he had as a mortgagee. Accordingly, defendant's interest in the property, as against plaintiff's option interest, is that of a vendee under the October, 1976, deed.

It follows that, if defendant had notice of plaintiff's option interest at the time he took the deed, defendant's interest in the property is subject to the option. Nothing in the record suggests that defendant had actual knowledge of the option. Defendant argues that he cannot be charged with constructive notice of the

option right, in light of the Supreme Court's decision in *Wilson v. Willamette Industries,* 280 Or 45, 569 P2d 609 (1977). There, the court concluded that a docketed judgment does not constitute notice of the lien it creates to an innocent purchaser for value.

*Wilson v. Willamette Industries, supra,* does not assist defendant here. The logic of that case is that a purchaser's rights should not be defeated solely by the fact that a judgment has been docketed against a predecessor in title in a case in which the purchased property was not the subject matter of controversy. *Cf.* ORS 93.740. In this case, defendant's potential sources of knowledge of the option interest were not limited to the docketed decree, nor did the decree, as in *Wilson v. Willamette Industries, supra,* relate to the encumbered property *only* by creating a judgment lien.[3] Here defendant was aware of the pending dissolution proceeding before he obtained any interest in the property. In addition to his general familiarity with the affairs of plaintiff and Mrs. Slauson, defendant was specifically aware that plaintiff continued to operate the store on the property after Mrs. Slauson had

---

[3] As an alternative to his principal argument, plaintiff contends that the doctrine of lis pendens should be extended to dissolution proceedings which, under ORS 107.105(1)(e) make all property of the parties subject to distribution by the court. Twice, prior to the enactment of ORS 107.105(1)(e), the Supreme Court declined to decide whether lis pendens applies in dissolution cases. *Houston v. Timmerman,* 17 Or 499, 21 P 1037, 11 AS 848, 4 LRA 716 (1889); and *Burnett et al. v. Hatch,* 200 Or 291, 266 P2d 414 (1954). The enactment of ORS 107.105(1)(e) created logical reasons both for applying lis pendens to dissolution cases and for rejecting the doctrine's application. The trial court has jurisdiction over *all* property of the parties under that statute, and the argument for applying lis pendens to dissolution proceedings is, for that reason, more compelling than was the case when *Houston* and *Burnett* were decided. The property is now automatically a "subject" of a dissolution suit. However, the court's plenary authority to distribute the parties' property also has the effect of eliminating the need for the petitioner to specify in his pleadings what property of his spouse he claims. The absence of such specification is inconsistent with the application of lis pendens under prior interpretations of the doctrine. *See Walker v. Goldsmith,* 14 Or 125, 12 P 537 (1886); *Burnett et al v. Hatch, supra;* and Annotation, 166 ALR 406. Because we decide this appeal in favor of plaintiff on other grounds, we too decline to reach the question of whether lis pendens applies to dissolution cases and, if so, what pleading requirements would be necessary to invoke the doctrine.

purchased the property, borrowed the purchase money from defendant, and executed the mortgage in his favor. Finally, defendant is deemed to have been aware of ORS 107.105(1)(e), empowering a court which grants a dissolution decree to provide

> "[f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * *"

In light of the foregoing, we conclude that defendant was on inquiry notice of plaintiff's option interest at the time defendant accepted the deed to the property from Mrs. Slauson. We therefore reverse the decree of the trial court and remand the case with instructions to enter a decree declaring defendant's interest in the property to be subject to plaintiff's option interest.

Reversed and remanded with instructions.