Argued and submitted May 13, resubmitted In Banc September 11, reversed and remanded November 14, 1985, reconsideration denied January 10, petition for review allowed January 28, 1986 (300 Or 506)
See later issue Oregon Reports

# HOYT,
*Appellant,*

*v.*

# AMERICAN TRADERS, INC.,
*Respondent.*

## (84-1701-NJ-2; CA A33635)

709 P2d 1090

In Banc

A. E. Piazza, Medford, argued the cause and filed the brief for appellant.

Richard A. Stark, Medford, argued the cause for

respondent. With him on the brief was Stark and Hammack, Medford.

BUTTLER, J.

Richardson, J., dissenting.

**BUTTLER, J.**

In this declaratory judgment action, plaintiff contends that her interest in a parcel of real property that was awarded to her in the decree dissolving her marriage should be free of the lien of a foreign judgment that defendant obtained against plaintiff's former husband and registered in the county where the property is located while the dissolution proceeding was pending. The trial court granted defendant's and denied plaintiff's motion for summary judgment[1] and entered judgment accordingly. Plaintiff appeals; we reverse.

The only facts before the trial court were those to which the parties stipulated, which we summarize: Prior to March 20, 1980, plaintiff Martha W. Hoyt and Edwin R. Hoyt were husband and wife and the owners of certain real property as tenants by the entirety, described as follows, to-wit:

"Lot 1 in Block 3 of ROGUE VALLEY ESTATES SUBDIVISION in Jackson County, Oregon, according to the Official Plat thereof, now of record."

On March 20, 1980, plaintiff filed a petition for dissolution of her marriage and requested, among other things, that the real property, which was specifically described, be awarded to her as her sole and separate property.

On April 26, 1980, plaintiff's husband was served personally with a summons and the petition, and on July 16, 1980, defendant, American Traders, Inc., obtained a judgment against the husband in the Superior Court of Snohomish County, Washington, in the amount of $601,951.52. On August 20, 1980, defendant caused that judgment to be registered in Jackson County, Oregon, in accordance with the provisions of ORS chapter 24. On April 27, 1981, a decree of dissolution of the Hoyt marriage was entered, which, among other things, awarded plaintiff, as her sole and separate property, all right, title and interest in the described real

---

[1] Although this case was disposed of on the two motions for summary judgment, which seems questionable in a declaratory judgment action, there is no issue of material fact, the parties having stipulated to the relevant facts. The only question presented was a legal one, and we treat the case as having been tried on stipulated facts.

property and specifically provided that the decree operated as a deed of conveyance of that property.

There are no issues of fact presented; the only issue is one of law—whether the doctrine of *lis pendens* applies in dissolution cases. Defendant's judgment did not become a lien on plaintiff's husband's interest in real property in Jackson County until it was registered there, ORS 18.350, after the dissolution action was commenced. If *lis pendens* does apply, the judgment lien would be subject to the outcome of the dissolution proceeding; because the decree awarded the property to plaintiff, her interest would be ahead of defendant's lien. If *lis pendens* does not apply, defendant prevails, because its judgment lien against plaintiff's husband's interest was of record before the property was awarded to plaintiff.

In *Slauson v. Usher,* 39 Or App 303, 592 P2d 247, *rev den* 287 Or 129 (1979), we discussed, but did not decide, the question presented here; we noted:

"As an alternative to his principal· argument, plaintiff contends that the doctrine of lis pendens should be extended to dissolution proceedings which, under ORS 107.105(1)(e) make all property of the parties subject to distribution by the court. Twice, prior to the enactment of ORS 107.105(1)(e), the Supreme Court declined to decide whether lis pendens applies in dissolution cases. *Houston v. Timmerman,* 17 Or 499, 21 P 1037, 11 AS 848, 4 LRA 716 (1889); and *Burnett et al. v. Hatch,* 200 Or 291, 266 P2d 414 (1954). The enactment of ORS 107.105(1)(e) created logical reasons both for applying lis pendens to dissolution cases and for rejecting the doctrine's application. The trial court has jurisdiction over *all* property of the parties under that statute, and the argument for applying lis pendens to dissolution proceedings is, for that reason, more compelling than was the case when *Houston* and *Burnett* were decided. The property is now automatically a 'subject' of a dissolution suit. However, the court's plenary authority to distribute the parties' property also has the effect of eliminating the need for the petitioner to specify in his pleadings what property of his spouse he claims. The absence of such specification is inconsistent with the application of lis pendens under prior interpretations of the doctrine. *See Walker v. Goldsmith,* 14 Or 125, 12 P 537 (1886); *Burnett et al. v. Hatch, supra;* and Annotation, 166 ALR 406. Because we decide this appeal in favor of plaintiff on other grounds, we too decline to reach the question of whether lis pendens

applies to dissolution cases and, if so, what pleading require-
ments would be necessary to invoke the doctrine." 39 Or App
at 308 n 3. (Emphasis in original.)

We must now decide the question we left open in
*Slauson* and we hold that the doctrine of *lis pendens* does
apply in dissolution cases if the property is described with
particularity in a pleading. In *Houston v. Timmerman,* 17 Or
499, 21 P 1037, 11 AS 848, 4 LRA 716 (1889), the court set
forth two requirements for the applicability of the doctrine:

> "* * * Two things, however, seem indispensable to give *[lis
> pendens]* effect: 1. That the litigation must be about some
> specific thing, which must necessarily be affected by the
> termination of the suit; and 2. That the particular property
> involved in the suit 'must be so pointed out by the proceeding
> as to warn the whole world that they intermeddle at their
> peril.' * * *" 17 Or at 504. (Citation omitted.)

The dissolution action involved here met both
requirements. The first requirement is that the litigation must
be about some specific thing, which must necessarily be
affected by the termination of the action. We do not under-
stand that requirement to be that the litigation be only about
one specific thing; it is enough that the ownership of that
specific thing (the particularly described real property) neces-
sarily be involved in the litigation. Here, plaintiff, as the wife
in the dissolution proceeding, described the real property and
prayed that it be awarded to her. Accordingly, the disposition
of that real property had to be affected by the termination of
that proceeding; it had to be awarded to one or both of the
parties. The second requirement is that the particular prop-
erty "must be so pointed out by the proceedings as to warn the
whole world that they intermeddle at their peril." That was
done here.

The dissent argues that the first requirement can
never be met in a dissolution proceeding, because the litiga-
tion is not about particular property. Although there was a
time when it was the *status* of the parties that was the subject
of divorce proceedings and, once it was determined that one of
the parties was entitled to a divorce, certain property conse-
quences followed as a matter of law, *see Houston v. Timmer-
man, supra,* that is no longer true. Either party is entitled to
dissolve the marriage without regard to fault, ORS 107.025,

107.036, and the only issues, other than the custody of children, are economic—support and property division. Accordingly, in dissolution cases in which there is property to be divided, the litigation is about property and, if the real property is particularly described, it is about particular real property.

The dissent also argues that there is no certainty that any particular property of a party or the parties necessarily will be affected. It is true that one cannot determine in advance *who* will be awarded particular property; however, all of the property will be affected in the sense that it will be awarded to one or both of the parties. Furthermore, when, as here, one of the parties describes particular property and prays that it be awarded to him or her, the court must necessarily dispose of that claim. Accordingly, the *Houston* requirements were satisfied.

The broader policy question is whether *lis pendens* ought to apply to dissolution proceedings. As the dissent points out, it is not necessary to describe specific real property in the pleadings in dissolution cases, because the court necessarily divides the property between the parties "as may be just and proper in all the circumstances." ORS 107.105(1)(f). Therefore, the dissent argues, if we were to apply *lis pendens* when a petition contains "superfluous property descriptions," "the practical effect would be a tail-wagging-the-dog phenomenon in which descriptions would be included in petitions, not because of any relevance they have to the dissolution process, but for the sole purpose of making *lis pendens* applicable." That objection seems to us to be the precise reason for applying *lis pendens*. We perceive no reason why either of the spouses should not be entitled to put everyone in the world on notice that people may deal with the property only at their peril.

That protection is particularly important with respect to judgments against one of them that become liens after the dissolution proceedings are commenced. ORS 93.740[2] permits any party to an action in which the title or any

---

[2] ORS 93.740 provides:

"In all suits in which the title to or any interest in or lien upon real property is

interest in real property is involved to file with the recorder of deeds of any county in which any part of the property lies, other than the one in which the action is brought, a notice of *lis pendens.* From the time of filing, "purchasers and incumbrancers" are on notice of the rights and equities in the property of the party filing the notice. There is nothing in the statute that even suggests that it does not apply to dissolution proceedings. By its terms, it does apply and we perceive no reason why it should not be applied.[3]

The application of *lis pendens* would make it more difficult for parties to a dissolution proceeding to alienate real property in an attempt to remove it from the dissolution court's jurisdiction. Although it is true that the dissolution court has authority to enjoin either party from encumbering or disposing of any property, ORS 107.095(1)(e), an order issued pursuant to that authority does not, and cannot, cure the problem presented in this case: husband's judgment creditor obtaining a lien against the property before the dissolution court has awarded it to one party or the other. Because protection against such judgments is one of the functions of *lis pendens,* there is every reason to apply it here.

■ We hold that the doctrine of *lis pendens* was applicable to plaintiff's dissolution proceeding, as a result of which defendant's judgment lien was subject to the outcome of that proceeding. When plaintiff was awarded the property free of her husband's interest, defendant lost its lien.

---

involved, affected or brought in question, any party thereto at the commencement of the suit, or at any time during the pendency thereof, may file of record with the county clerk or other recorder of deeds of every county in which any part of the premises lies, except in the county in which the suit is brought, a notice of the pendency of the action containing the names of the parties, the object of the suit, and the description of the real property in the county involved, affected, or brought in question, signed by the party or his attorney. From the time of filing the notice, and from that time only, the pendency of the suit is notice, to purchasers and incumbrancers, of the rights and equities in the premises of the party filing the notice. The notice shall be recorded in the same book and in the same manner in which mortgages are recorded, and may be discharged in like manner as mortgages are discharged, either by such party or the attorney signing the notice."

[3] The dissent's objection that our decision will require attorneys to describe "every item of property" in the pleadings in order to avoid concern for malpractice claims is overstated. Only real property is subject to *lis pendens,* and all of the real property must be particularly described at some point in the proceedings. Why not in the pleadings?

Reversed and remanded for entry of a judgment not inconsistent with this opinion.

## RICHARDSON, J., dissenting.

I would hold that the common law doctrine of *lis pendens* is inapplicable to dissolution cases, and I therefore respectfully dissent from the majority's holding that the doctrine applies to the dissolution proceeding on which plaintiff bases this action.

The court said in *Houston v. Timmerman,* 17 Or 499, 21 P 1037 (1889):

> "'* * * Two things, however, seem indispensable to give *[lis pendens]* effect: 1. That the litigation must be about some specific thing, which must necessarily be affected by the termination of the suit; and 2. That the particular property involved in the suit 'must be so pointed out by the proceeding as to warn the whole world that they intermeddle at their peril.' * * *'" 17 Or at 504-05. (Citation omitted.)

The majority reasons that dissolution cases as a class meet the first of those tests, because all of the parties' property is subject to division. The majority then concludes that the particular dissolution proceeding involved here satisfies the second *Houston* test, because plaintiff described the property in her dissolution petition and asked that it be awarded to her. I disagree with the majority on both points.

It is correct, as a generality, that *all* property of the parting spouses is *subject* to judicial allocation and distribution when a marriage is dissolved. However, the first *Houston* test requires that, for *lis pendens* to be invoked, there must be litigation *about particular* property and that the property will *necessarily* be affected by the result of the litigation. The requisite particularity and certainty of impact are absent in dissolution cases. The majority has extended the *lis pendens* doctrine to property if there is a *chance* that interests in it will be affected by a pending proceeding. The majority's application of *lis pendens* here is little more supportable, if at all, than it would be to apply the doctrine to the real property of a tort defendant on the chance that the result of the action might be that the property will be levied on to exonerate a judgment debt. I do not agree that the underlying dissolution proceeding

here or any other dissolution proceeding can come within the first *Houston* test.

I have even greater problems with the majority's conclusion that the dissolution proceeding involved in this case satisfies the second *Houston* test by virtue of plaintiff describing the property in her petition and requesting that the domestic relations court award it to her. Under the relevant statutory scheme, dissolution petitions do not have to contain such specific descriptions and specific requests, *see* ORS 107.085, and, when they do, the specification is legally meaningless in the context of the dissolution procedure. Courts in dissolution cases must make a comprehensive allocation of the property of the parties and the contents of petitions have no bearing on that judicial responsibility. *See* ORS 107.105(1)(e), (f). The majority's holding that *lis pendens* applies in dissolution cases if the petitions contain superfluous property descriptions creates a tail-wagging-the-dog phenomenon in which descriptions will be included in petitions not because of any relevance they have to the dissolution process but for the sole purpose of making *lis pendens* applicable.

The majority's conclusion not only *can* distort and complicate the dissolution process in the way I have described; it necessarily *will* do so. In the wake of the majority's holding, no competent lawyer who has any concern about malpractice will be able to refrain from including a specific description in every dissolution petition filed of every item of property in which either or both of the parties may have an interest. The legislative objective of simplifying dissolution pleadings and procedures will be completely subverted by today's holding.[1]

The systematic cost that the holding will cause is offset by only one gain, and the gain is academic. *Lis pendens* does have the effect of impeding or remedying attempts to alienate property before a court's disposition of the property

---

[1]I note, too, that the holding can have the effect of making *lis pendens* applicable to some dissolution cases, but not to others in which specific property is not described in the pleading. That effect is hardly salutary, given the already sensitive relationship between the need of the judicial system to preserve the subject matter of litigation and the desirability of giving persons acquiring interests in property the greatest possible certainty as to where they must look to determine whether the property is encumbered. *Compare Land Associates v. Becker,* 294 Or 308, 313-14, 656 P2d 927 (1982), *with Fremont Indemnity Co. v. Corbett,* 66 Or App 668, 674, 675 P2d 1097, *rev den* 297 Or 340 (1984) (Richardson, J., concurring).

takes effect. That result is desirable, but *lis pendens* is not necessary as an addition to the procedures that are already available to accomplish it in dissolution cases. *See, e.g.,* ORS 107.095(1)(e); *Slauson v. Usher,* 39 Or App 303, 592 P2d 247, *rev den* 287 Or 129 (1979).

Warden and Van Hoomissen, JJ., join in this dissent.