Argued and submitted May 22, affirmed on appeal; reversed and remanded on cross-appeal with instructions June 21, 1989

## STRAWN,
*Respondent - Cross-Appellant,*

*v.*

## EDER,
*Appellant - Cross-Respondent.*

(88D-400364; CA A49436)

775 P2d 912

Dale L. Crandall, Salem, argued the cause and filed the briefs for appellant - cross-respondent.

Jossi Davidson, Silverton, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals and plaintiff cross-appeals from the judgment in this FED action that awarded each party possession of an undivided one-half interest in residential real property. We affirm on the appeal and reverse on the cross-appeal.

Plaintiff and her former husband owned the property as tenants by the entirety. After she filed for dissolution, her husband and defendant entered into a five-year lease of the property. The dissolution judgment awarded the property to plaintiff. She contends that the lease is not "binding" on her; that her husband could only lease "his right to co-possession," See ORS 107.105(1)(f), "which was subject to being completely divested" by the dissolution judgment; and that defendant had actual notice of the dissolution proceeding and its possible effect on the property and took her interest under the lease "subject to prior interests of which [she] ha[d] actual notice."

The trial court concluded that plaintiff's husband could transfer his undivided one-half possessory interest by lease. It further ruled that, notwithstanding defendant's actual knowledge, the doctrine of *lis pendens* did not defeat defendant's possessory right, because the dissolution petition did not describe the property. *See Hoyt v. American Traders, Inc.,* 301 Or 599, 725 P2d 336 (1986).

1. Defendant makes three assignments of error. The first is that the action is barred by *res judicata,* because the decisive issues here could have been determined in an earlier FED action between the parties that the court decided on different grounds. However, the court in the earlier action declined to rule on the issues here in that case after defendant's attorney objected to plaintiff's request that it do so. We reject defendant's *res judicata* argument.

Defendant contends in her second assignment that the trial court exceeded its authority by entering a judgment that "affect[s] or determine[s] title." ORS 46.084. Defendant is incorrect. The trial court ruled only on the parties' rights to possession and did nothing to determine their title or that of others. Defendant's final assignment is that the court erred in

denying her attorney fees under ORS 91.755. Our disposition of the cross-appeal makes that assignment moot.

**2.**      Plaintiff argues in her cross-appeal that the court erred in not awarding her exclusive possession of the property. We agree. Defendant had actual knowledge of the pending dissolution proceeding and her possessory rights under the lease were therefore subject to the rights in the property that plaintiff obtained in the dissolution proceeding. *Slauson v. Usher,* 39 Or App 303, 592 P2d 247, *rev den* 287 Or 129 (1979).

**3.**      Plaintiff also argues that she is entitled to an award of attorney fees under ORS 91.755. We again agree.

Affirmed on appeal; reversed and remanded on cross-appeal with instructions to enter a judgment awarding exclusive possession to plaintiff and to award plaintiff reasonable attorney fees.