On respondents' petition for attorney fees filed April 12, and appellant's motion for sanctions filed April 17, respondents' petition denied; appellant's motion denied September 11, 1996

Howard F. BARBER
and Eleanor W. Barber,
*Respondents,*

*v.*

Laura SCHENK,
*Appellant.*

(94-0601-C; CA A86910)

923 P2d 1278

Robert E. Bluth filed the petition for respondents.

Laura E. Schenk filed the motion *pro se* for appellant.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiffs petition for attorney fees, and defendant cross moves for sanctions, following our affirmance of a judgment for plaintiffs in a forcible entry and detainer (FED) action. *Barber v. Schenk*, 139 Or App 600, 913 P2d 347 (1996). Plaintiffs contend that, under ORS 90.255, they are entitled to fees reasonably incurred in response to defendant's unsuccessful appeal. Defendant, in turn, asserts that plaintiffs' entitlement to fees is "sham" and so frivolous as to warrant sanctions under ORAP 1.40(3).[1] We deny both plaintiffs' petition for attorney fees and defendant's motion for sanctions.

Because we affirmed on the merits without opinion, a brief description of the facts is useful. Plaintiffs originally owned the subject property, which consisted of two dwelling units and several acres of land. Plaintiffs contracted to sell the land to the Beards. The Beards gave plaintiffs a promissory note that was secured by a deed of trust on the property, under which plaintiffs were the beneficiaries. The Beards, in turn, entered into a contract to sell the property to Hunt. Defendant attempted to join in the purchase agreement with Hunt. However, before she could do so, plaintiffs foreclosed against the Beards. Plaintiffs acquired title to the property on August 25, 1994, and four days later gave defendant a 30-day notice to vacate the property. When defendant failed to comply, plaintiffs brought an FED action and prevailed. Defendant appealed, and we affirmed.

■■ Plaintiffs now seek attorney fees for successfully defending the judgment on appeal. The FED statutes, themselves, do not contain a provision for the award of attorney fees. However, a plaintiff who obtains a judgment in a FED action on residential property may recover attorney fees under ORS 90.255. *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 547 P2d 603 (1976); *Strawn v. Eder*, 97 Or App 281, 775 P2d 912 (1989). That statute is part of the Oregon Residential Landlord Tenant Act (ORLTA) and provides that:

---

[1] ORAP 1.40(3) provides:

"Oregon Rule of Civil Procedure (ORCP) 17 is hereby as a rule of appellate procedure applicable to the Supreme Court and Court of Appeals."

"*In any action on a rental agreement or arising under [the ORLTA],* reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered." (Emphasis supplied.)

Plaintiffs invoke ORS 90.255 as conferring an entitlement to fees. Defendant argues, however, that that statute does not apply, because plaintiffs did not bring their FED action in conjunction with an action "on a rental agreement" or an action "arising under [the ORLTA]." *Id*. Defendant is correct.

As plaintiffs acknowledge in their brief on the merits, they brought the FED action in conjunction with ORS 86.755(5), which sets forth the rights of a purchaser at a foreclosure sale. ORS 86.755(5) provides, in part:

"The purchaser at the trustee's sale shall be entitled to possession of the property on the 10th day following the sale, and any persons remaining in possession after that day under any interest, except one prior to the trust deed or created voluntarily by the grantor or a successor of the grantor, shall be deemed to be tenants at sufferance. *All persons not holding under an interest prior to the trust deed may be removed from possession by following the procedures set out in ORS 105.105 to 105.168* or other applicable judicial procedure, provided that a person holding under an interest created voluntarily by the grantor must first receive 30 days' written notice of the intent to remove that person served no earlier than 30 days before the date first set for the sale." (Emphasis supplied.)

Thus, because plaintiffs brought their FED action in conjunction with ORS 86.755(5), and not pursuant to an action on a rental agreement or provisions of ORLTA, ORS 90.255, by its own terms, does not apply.

We note, moreover, that our case law comports with that conclusion. The reported cases awarding attorney fees to plaintiffs in other FED actions on residential property are distinguishable. In every reported case awarding attorney fees under ORS 90.255, the defendant possessed the property under a rental agreement or the plaintiff and defendant had entered a landlord-tenant relationship governed by the

ORLTA. *See Pritchett v. Fry*, 286 Or 189, 593 P2d 1133 (1979) (FED action to recover possession of apartment unit); *Pacific N.W. Dev. Corp. v. Holloway*, 274 Or 367, 546 P2d 1063 (1976) (FED action to recover possession of apartment unit); *Juckett*, 274 Or at 517 (FED action to recover possession of apartment unit); *Strawn*, 97 Or App at 283 (FED action to recover property under lease). Here, there is no evidence of a rental agreement or a landlord-tenant relationship between plaintiffs and defendant. Conversely, there are no reported decisions awarding attorney fees to foreclosure sale purchasers who, pursuant to ORS 86.755, successfully prosecute FED actions against persons in possession. Thus, plaintiffs are not entitled to fees incurred on appeal.

We have considered and deny, without further comment, defendant's motion for sanctions.

Respondents' petition for attorney fees denied; appellant's motion for sanctions denied.